HAMILTON, Robert L., Appellee,

v.

AIR JAMAICA, LTD., Appellant.

No. 90–1933.

United States Court of Appeals,
Third Circuit.

Argued April 15, 1991.

Decided Sept. 30, 1991.

Rehearing and Rehearing In Banc
Denied Oct. 30, 1991.

Robert G. Leino (argued), Eagleville, Pa., for appellee.

James M. Penny, Jr. (argued), Marjorie H. Gordon, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, Pa., for appellant.

Before STAPLETON, GREENBERG, and HIGGINBOTHAM, Circuit Judges.

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Air Jamaica, Ltd. appeals from a judgment in favor of its former employee, Robert Hamilton, for additional severance pay in accordance with the terms printed in Air Jamaica's employee handbook ("the Handbook"). This case requires us to determine whether the Handbook is an ERISA plan and, if so, whether Air Jamaica's reservation of the right to determine non-pension employee benefits at the time they accrue is consistent with ERISA. We conclude that the Handbook is an ERISA plan and hold that Air Jamaica's reservation of the

right to determine benefits as they accrue is consistent with ERISA and precludes Hamilton's claim. Accordingly, we will reverse the judgment for Hamilton.

## I.

Hamilton was employed by Air Jamaica as an account executive in Philadelphia since 1976. In early March 1989, Hamilton received the employee handbook, which in addition to setting forth certain benefits contained the following provision:

> Although it is our present intention to continue these pay practices, employment policies and benefits, we reserve the right, whether in an individual case or more generally, to alter, reduce or eliminate any pay practice, policy or benefit, in whole or in part, without notice. Moreover, personnel actions taken or decisions made will not necessarily be reversed or modified if these policies or procedures are not followed.

Appendix at 107.

In a letter dated May 25, 1989, Hamilton received notice that his employment with Air Jamaica would be terminated effective May 31, 1989 as part of a corporate reorganization. The termination letter also outlined the severance benefits to which Hamilton would be entitled. The benefits outlined in the letter, and the benefits which Hamilton actually received, were substantially lower than those outlined in the employee handbook Hamilton was given in March of 1989.[1] According to Air Jamaica, the benefits scheduled for payment to Hamilton, as they were outlined in the termination letter, reflected their actual severance policy which had been in practice for a number of years. Air Jamaica also asserted that "[a]ll other employees terminated ... before, after, and contemporaneously with Hamilton's termination, received severance pay in accordance with [the] actual policy...." Brief for Appellant at 7. Air Jamaica contends that the incorrect policy outlined in the employee handbook was due to a printer's error. Air Jamaica corrected the handbook error in writing on May 30, 1989, one day before Hamilton's actual termination, when Vice President of Administration, Campbell Barrow, sent a memorandum to all employees setting forth the "actual" severance policy.

Upon his termination, Hamilton filed suit in district court seeking severance pay in accordance with the written policy in the handbook. The district court held that, although the severance policy printed in the manual appeared to be a printer's error, under the Employee Retirement Income Security Act of 1974, § 402(b)(3), 29 U.S.C.A. § 1102(b)(3) ("ERISA") the employer was bound by that policy. *Hamilton v. Air Jamaica, Ltd.*, 750 F.Supp. 1259, 1267 (E.D.Pa.1990). It held that a written plan must control over an unwritten plan and therefore concluded that the terms set forth in the Handbook were Air Jamaica's severance plan under ERISA.

The district court then considered whether Air Jamaica's reservation of the right to determine benefits on a case by case basis barred Hamilton's claim, but held that giving full effect to such a provision would be inconsistent with ERISA. The court further held that Air Jamaica, through the same explicit reservation, had reserved its right to amend the plan. Nevertheless, the court concluded that the amendment here—one day before Hamilton stopped working—was untimely and that recognizing it would frustrate ERISA's policy of protecting employees' legitimate expectations. The district court therefore entered judgment for Hamilton on his claim for severance pay under ERISA.[2]

This court has jurisdiction over the final judgment of the district court pursuant to

---

1. The printed policy provided that an employee would receive four weeks severance pay for each year worked, with no cap on the total amount an employee could receive. Air Jamaica's "actual" policy provided that an employee would receive two weeks pay per year for each full year worked, capped at a maximum of three months' pay.

2. The district court simultaneously denied Hamilton's state law contract claim for vacation pay because it found he had not provided sufficient proof Air Jamaica failed to give him his full vacation pay. Hamilton has not appealed from that portion of the judgment.

28 U.S.C. § 1291. The district court had jurisdiction over the ERISA claims under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(f) and had pendent jurisdiction over the state law claims. The proper application of ERISA to the undisputed facts is a question of law over which we exercise plenary review.

## II.

■ Air Jamaica contends that it is not bound by the severance pay provisions of the Handbook which were included only because of a printer's error. Instead, Air Jamaica argues it is bound only by its "actual" unwritten severance pay policy that it consistently followed and of which its employees were aware. We join the district court in rejecting that argument. The district court correctly held that "where an employer has published a plan document containing representation of intent to provide benefits, the employer cannot rely on [unwritten] evidence to the contrary", 750 F.Supp. at 1267, and that, in the absence of any other written description of benefits, the Handbook constituted Air Jamaica's ERISA plan.

In reaching that conclusion, the district court relied heavily on *Hozier v. Midwest Fasteners, Inc.*, 908 F.2d 1155 (3d Cir. 1990), in which this court joined six other courts of appeals that refuse to recognize oral modifications to ERISA plans. *Hozier* interpreted 29 U.S.C. § 1102(a)(1)'s requirement that "[e]very employee benefit plan shall be established and maintained pursuant to a written instrument" and reasoned:

> [§ 1102(a)(1)] was designed to ensure that "every employee may, on examining the plan documents, determine exactly what his rights and obligations are under the plan." H.Rep. No. 1280, 93rd Cong., 2d Sess. 297, *reprinted in* 1974 U.S.Code Cong. & Admin.News 5038, 5077–78. Employees entitled to rely on the terms of a written benefit plan "should not have their benefits eroded by oral modifications to the … plan." *Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290, 1296 (5th Cir.1989). "Congress, in passing ERISA,

did not intend that participants in employee benefit plans should be left to the uncertainties of oral communications in finding out precisely what rights they were given under their plan."

908 F.2d at 1163–64. All the cases decided before *Hozier* had rejected oral modifications that increased benefits, and this court concluded that the policies behind ERISA made it even more important to disallow oral modifications that decrease benefits. *Id.* at 1163.

■ *Hozier* held that the requirement of 29 U.S.C. § 1102(a)(1) that all ERISA plans be written prevents an unwritten amendment from being an enforceable part of an ERISA plan. Therefore, it follows that Air Jamaica's unwritten severance pay policy could not be its ERISA plan and that the Handbook was its ERISA plan.

## III.

■ Having determined that the Handbook constituted an ERISA plan, the district court was forced to decide whether Air Jamaica's reservation of the right to determine benefits on a case-by-case basis prevented Hamilton from having an enforceable claim to the severance benefits described in the Handbook. The district court concluded that Air Jamaica's reservation should not be given effect because it conflicted with ERISA:

> Read literally, the Air Jamaica disclaimer could be taken to mean that Air Jamaica is under no obligation at any time to award benefits in accord with its written promises. To the contrary, Congress enacted ERISA to provide security in benefits packages. *Hozier* stands for the rule that plan participants are entitled to rely, and to continue to rely, on an employer's current writing until those writings are in fact amended.

750 F.Supp. at 1270. While we agree that an employee is entitled to rely on the employer's current writing until it is duly amended, we nevertheless conclude that nothing in ERISA prevents Air Jamaica from providing its employees with benefits on a case by case basis—as long as that

limitation is explicitly stated as part of the plan.[3]

We find the arguments against enforcing the reservation unpersuasive. First, Air Jamaica's reservation is not an attempt, as the district court asserted, to avoid "award[ing] benefits in accord with its written promises." On the contrary, the reservation is part of the written promise and a limitation upon it. While ERISA was enacted to provide security in employee benefits, it protects only those benefits provided in the plan. For example, even if an oral amendment of an ERISA plan would increase employee benefits, ERISA does not provide for the enforcement of that amendment because it is not part of the plan. *See, e.g., Nachwalter v. Christie,* 805 F.2d 956, 960 (11th Cir.1986) (refusing to enforce oral promise to use more favorable valuation date in determining employee's share of plan assets). Therefore, unless the reservation can be shown to violate the policies behind ERISA, it must be enforced as part of the plan.

Second, no credible argument can be made that ERISA required Air Jamaica to provide Hamilton with better or more definite benefits. ERISA does not require Air Jamaica to provide its employees with a benefits plan, *Viggiano v. Shanango China Div. of Anchor Hocking Corp.,* 750 F.2d 276, 279 (3d Cir.1984), nor does ERISA require that Air Jamaica provide any particular set of benefits, if it decides to establish a welfare benefits plan.[4] *Hlinka v. Bethlehem Steel Corp.,* 863 F.2d 279, 283 (3d Cir.1988). "ERISA mandates no minimum substantive content for employee welfare benefit plans, and therefore a court has no authority to draft the substantive content of such plans." *Blau v. Del Monte Corp.,* 748 F.2d 1348, 1353 (9th Cir.1984),

*cert. denied,* 474 U.S. 865, 106 S.Ct. 183, 88 L.Ed.2d 152 (1985).

Third, it is not true that permitting employers to reserve the right to make individual benefit determinations will render the protections of ERISA illusory. While ERISA imposes no substantive requirements on what welfare benefits are provided, it requires that welfare benefit plans be established, maintained, and disclosed in accordance with its procedural safeguards. The reporting requirements serve "two salutary purposes ... to ensure that 'the individual participant knows exactly where he stands with respect to the plan' and 'to enable employees to police their plans.'" *Hozier,* 908 F.2d at 1170. Full disclosure also permits employees to bargain further or seek other employment if they are dissatisfied with their benefits. Enforcing Air Jamaica's reservation does not subvert any of these objectives. Unlike employees who rely on some informal "understanding" about what their benefits are, Air Jamaica's employees are on notice that they have no guaranteed benefits.

Our conclusion here is a logical extension of *Hlinka, supra.* In that case, we found an employer's reservation of the right to award early retirement benefits[5] to a certain class of employees only under when the employer believed "that [the particular employee's] retirement would ... be in its interest" was not prohibited by ERISA. *Id.* at 283. Having concluded that ERISA permits an employer to reserve the right to make early retirement benefit determinations on an individual basis, nothing suggests we should treat severance pay differently.

Reservations to the employer to make welfare benefits determinations on an individual basis are not prohibited by ERISA

---

3. Because we conclude that Hamilton had no claim for severance benefits under the ERISA plan described in the Handbook, we need not decide whether the May 30, 1989 letter was an effective amendment of that plan. This court has questioned whether an employer can amend a plan where, as here, the plan fails to spell out an amendment procedure as required by 29 U.S.C. § 1102(b)(3). *See Frank v. Colt Indus.,* 910 F.2d 90, 98 (3d Cir.1990); *Flick v. Borg-Warner Corp.,* 892 F.2d 285, 291 (3d Cir.1989)

(Becker, J., concurring in part and dissenting in part).

4. Pension plans are subject to participation, vesting and funding requirements that do not apply to welfare benefit plans.

5. Like welfare benefits, early retirement benefits are not subject to the substantive protections applicable to pension plans. *Hlinka,* at 284–85.

and allowing them furthers the interest of employees. Employers are understandably more willing to provide employee benefits when they can reserve the right to decrease or eliminate those benefits. To the extent that employees have sufficient bargaining power to obtain guaranteed benefits, ERISA will enforce those rights and will ensure—through its disclosure requirements—that employees know what benefits they will receive. Therefore, allowing employer reservations of the right to make individual benefit determinations takes nothing away from employees who can command guaranteed benefits and will allow other employees to obtain benefits the employer would refuse to provide on a guaranteed basis.

█ In short, we conclude that Air Jamaica had no obligation to provide Hamilton with a definite amount of severance pay and that its reservation of the power to determine severance benefits on a case by case basis is therefore valid.[6]

### IV.

We conclude that the Handbook constituted Air Jamaica's ERISA plan. We also hold that Air Jamaica's reservation in that plan of the right to make individual benefit determinations is consistent with ERISA and bars Hamilton's claim. Accordingly, we will reverse the judgment for Hamilton.

---

6. In *Berger v. Edgewater Steel Co.*, 911 F.2d 911 (3d Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1310, 113 L.Ed.2d 244 (1991), we suggested that a *Hlinka* type reservation may impose, as a matter of contract, a "minimal obligation of good faith" on the employer. *Id.* at 919. But Hamilton cannot credibly claim that, in awarding him the same severance pay that it awarded all similarly situated employees, Air Jamaica acted in bad faith; in fact, the district court specifically noted that "[t]here is no evidence of bad faith by Air Jamaica in this case." 750 F.Supp. at 1267.