**Larry RUCKER, Plaintiff,**

v.

**PACIFIC FM, INC. and James Gabbert, Defendants.**

**No. C–91–3782 SBA.**

United States District Court, N.D. California.

July 2, 1992.

Paul F. Utrecht, P.F. Utrecht Law Offices, Oakland, Cal., for plaintiff.

Joseph A. Schwachter, Littler Mendelson Fastiff & Tichy, San Francisco, Cal., for defendants.

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

ARMSTRONG, District Judge.

This is an action brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., by plaintiff Larry Rucker against his former employer, defendants Pacific FM, Inc. ("Pacific FM"), and its owner and president, James Gabbert. Pacific FM owns and operates a local television station commonly known as "KOFY–TV20." Plaintiff, who is now disabled with Acquired Immune Deficiency Syndrome ("AIDS"), contends that defendants violated their fiduciary duty under ERISA by secretly terminating the company's long-term disability benefits policy on August 1, 1990.

The parties are now before the Court on defendants' motion for summary judgment. After having read and considered the papers submitted, and being fully informed, the Court finds that defendants' motion should be denied.[1]

### I.

### BACKGROUND

Plaintiff began his employment with defendants on August 9, 1982, as defendant Pacific FM's business operations manager. During December 1989, plaintiff began to suffer from symptoms possibly related to AIDS. In January 1990, he tested positive for the HIV virus which is suspected to cause AIDS. In May 1991, plaintiff was hospitalized with pneumonia. Defendant then notified plaintiff that if he did not return to work within thirty days,[2] Pacific

---

1. Plaintiff has also requested permission to depose an individual from Unionmutual Stock Life Insurance Company after the discovery cutoff date. As the Court is denying defendants' motion, and good cause appears from the request, the Court hereby grants plaintiff's request.

2. It appears that the thirty-day period commenced to run on March 17, 1991. *See* Memo.

FM would terminate his employment. Because plaintiff was unable to return to work on a full-time basis, Pacific FM terminated plaintiff's employment on or about July 10, 1991. Plaintiff was an account executive at the time of his termination.

At the time of his hiring in 1982, plaintiff was enrolled in an employee benefit plan provided by Pacific FM. This plan included a long-term disability benefits ("LTD") policy issued through the Unionmutual Stock Life Insurance Company ("USLIC"). The USLIC LTD policy constitutes a "plan" governed by ERISA.

Defendants state that in an attempt to cut their operating costs, they decided to "revamp" their employee benefit plan. This change in employee benefits included switching health insurance carriers and terminating the existing LTD policy. Pacific FM contends that it notified its employees of these changes in benefits through various memorandums and other media. None of these "disclosures," however, explicitly mentioned or discussed the termination of the LTD benefits.

In late April or early May 1991, plaintiff approached Michelle Mattea, Pacific FM's accounting manager, concerning benefits afforded under the company's LTD policy. Mattea informed plaintiff that she believed that the policy had been cancelled. Subsequently, on June 3, 1991, plaintiff wrote to Gabbert concerning what benefits would be available should he terminate his employment; Gabbert responded that LTD benefits were no longer provided to Pacific FM's employees.

Plaintiff filed suit in this Court on October 28, 1991, alleging that defendants wrongfully concealed the termination of the LTD policy. The complaint contained three claims: (1) violation of ERISA; (2) breach of contract, and (3) fraud. By Order dated January 7, 1992, this Court dismissed the second and third claims on the ground that they are preempted by ERISA.

From David La France to plaintiff, Ex. 17 to Rucker Depo., att'd as Ex. "C." to Utrecht Decl.

Defendants now move for summary judgment on numerous grounds which are summarized as follows: (1) defendant had no fiduciary duty to plaintiff, and therefore, could terminate the LTD benefits without consideration of its employees' welfare; (2) defendants' termination of the LTD plan comported with the procedural requirements of ERISA; (3) assuming any procedural violations occurred, plaintiff is still not entitled to any substantive relief; and (4) plaintiff is estopped from bringing this lawsuit because he did not exhaust his administrative remedies. None of these arguments warrant judgment, as a matter of law, in favor of defendants.

## II.

## DISCUSSION

### A. *Did Defendants Owe Plaintiff a Fiduciary Duty?*

■ The parties concur that the present action concerns a LTD policy which is a welfare benefit plan governed by ERISA.[3] "[W]elfare plans are expressly exempted from [ERISA's] detailed minimum participation, vesting and benefit-accrual requirements, and are not subject to ERISA's minimum-funding requirements." *Moore v. Metropolitan Life Ins. Co.*, 856 F.2d 488, 491 (2d Cir.1988). However, welfare benefit plans *are* governed by ERISA's reporting and disclosure requirements, *see* 29 U.S.C. §§ 1021–1031, and fiduciary responsibility standards, *see* 29 U.S.C. §§ 1101–1114. *See Blau v. Del Monte Corp.*, 748 F.2d 1348, 1352 (9th Cir.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 183, 88 L.Ed.2d 152 (1985).

The crux of defendants' first argument is that it owed plaintiff no fiduciary duty because an employer is not required to take into account its employees' welfare when making decisions to eliminate ERISA-governed benefits. Def.s' Memo at 9–13; *see Cunha v. Ward Foods, Inc.*, 804 F.2d 1418, 1433 (9th Cir.1986) (finding that a termination of an ERISA plan "did not consti-

---

**3.** ERISA governs two types of employee benefit plans: (1) "pension" benefit plans and (2) "welfare" benefit plans. 29 U.S.C. § 1002(2).

tute a breach of fiduciary duty"). Nonetheless, defendants' argument is misleading because it detracts from the pivotal issue in this case—namely, whether defendants breached their fiduciary duties by intentionally concealing from their employees the fact that they had terminated the company's LTD plan.[4]

Although there is a paucity of law in this area of ERISA, the Court notes that the Eleventh Circuit recently found that "[p]roviding notice of the discontinuation or suspension of coverage *is* a fiduciary responsibility" and that "employees are entitled to *prompt notice* of the suspension of their plan coverage." *Willett v. Blue Cross & Blue Shield of Alabama,* 953 F.2d 1335, 1340 (11th Cir.1992) (emphasis added); *accord Presley v. Blue Cross–Blue Shield of Alabama,* 744 F.Supp. 1051, 1058 (N.D.Ala.1990) (recognizing that insurer could delegate fiduciary duty of notifying plan participants of termination of coverage). Further, employers have a fiduciary duty not to provide intentionally misleading information regarding their ERISA benefits. *See Berlin v. Michigan Bell Tel. Co.,* 858 F.2d 1154, 1163–64 (6th Cir.1988) (denying employer's summary judgment motion on ground that triable issue of fact remained on issue of whether employer had breached its ERISA fiduciary duties by making material misrepresentations concerning an ERISA plan offering).

Notwithstanding the above-cited authority, defendants insist that they had no fiduciary obligation with respect to notifying their employees regarding the cancellation of the LTD policy. They attempt to distinguish *Willett* by arguing that the *only* reason *the employer* had a fiduciary duty was because the insurance company had contractually delegated its duty to notify the employees of the coverage termination to the employer. *See* Def.s' Memo. at 12 (citing *Willett,* 953 F.2d at 1340). Consequently, defendants contend that they, as employers, have no such duty because "[t]he contracts between Pacific FM and Unionmutual contain no such provision." *Id.* Conspicuously absent from the numerous documents filed by defendants in support of their motion, however, are these particular contracts.[5] In addition, plaintiff has submitted evidence that USLIC had, in fact, delegated its duty to notify Pacific FM's employees concerning the termination of the LTD policy to Pacific FM.[6] Defendants' failure to present any evidence concerning the delegation issue, coupled with the evidence submitted by plaintiff, precludes this Court from finding, as a matter of law, that defendants did not violate a fiduciary duty owed to plaintiff.

Moreover, plaintiff has proffered evidence sufficient to generate a material issue of fact with respect to whether defendants intentionally concealed the termination of the LTD policy. First, plaintiff points out that none of the "notices" issued by Mattea,[7] the videotape of the new bene-

4. The fiduciary duty in this case arises from the obligation to *notify* plan beneficiaries of the termination of coverage. This is distinct from whether the decision to and *act of terminating* an ERISA plan implicates a fiduciary duty.

5. The Court also notes that this statement in defendants' memorandum is *not* followed by any citation to any documents in the record.

6. Plaintiff presents two letters from UNUM in which the insurer reminds defendants of their obligation to "notify all participating employees of the termination of their coverage...." *See* Nicholas Decl., Exs. "B" and "C."

7. The Court notes the following statement in the memorandum dated May 15, 1990:

As you are aware, the cost of medical insurance has skyrocketed over the past couple of years to the point *where most employers* are

either reducing benefits to the employee, increasing the amount the employee must contribute towards the monthly premium, or, in some cases, eliminating the benefit altogether. Mattea Decl., Ex. "A"; *see also* Def.s' Sep. Stmt of Undisputed Material Facts, ¶ 10.

The Court *rejects* the notion that the forgoing statement satisfies defendants' fiduciary duty to notify employees of the termination of the LTD benefits. This oblique statement does not indicate that *Pacific FM* was eliminating benefits; rather, the reference is only to the actions of "most employers." Moreover, even if the Court construed this statement as pertaining to actions by Pacific FM—which it clearly does not—the statement fails to identify what benefits were being eliminated. For defendants to assert this memorandum should have put plaintiff on notice of the termination of LTD benefits strains credulity.

fits meeting, nor the "Your Group Benefit Plan" brochure specifically mentioned the termination of LTD benefits.[8] Second, defendant Gabbert testified in deposition that he delayed in cancelling the LTD policy out of fear of negatively affecting employee morale. *See* Gabbert Depo. at 56:24–57:9, 61:1–12, att'd as Ex. "A" to Utrecht Decl. And finally, defendants did not maintain documents related to the cancellation of the policy. *See* Freeman Depo at 34:11–20, att'd as Ex. "B" to Utrecht Decl.; Rucker Decl., ¶ 5. The Court rejects defendants' characterization of the foregoing evidence as being "wildly speculative." [9] To the contrary, based on these facts, a reasonable trier-of-fact could infer that defendants fraudulently withheld information concerning the cancellation of LTD benefits. Accordingly, summary judgment in favor of defendants is not warranted.

## B. *Did Defendants Violate the ERISA Procedural Requirements?*

Defendants' next argument is that they discharged any fiduciary duty owed to plaintiff by complying with any and all ERISA procedural requirements concerning notification of changes in plan benefits. Def.s' Memo. at 14. Under 29 U.S.C. § 1024(b)(1), an ERISA plan administrator is required to notify plan participants of material *changes or modifications* within 210 days (i.e., seven months) of the end of the plan year. In the instant case, defendants contend that the subject plan year ended on December 31, 1990, thereby obligating them to provide notice concerning the termination of benefits by July 29, 1991. Since plaintiff alleges that *he knew* of the LTD policy termination before July 29, 1991, *see* Complaint ¶ 13, defendants assert that he was timely notified.

In support of their argument, defendants draw the Court's attention to *Kytle v. Stewart Title Co.*, 788 F.Supp. 321 (S.D.Tex.1992).[10] In *Kytle*, the district court found that the employer's written notification concerning the termination of a group health plan 175 days after the end of the plan year was sufficient to satisfy the 210–day reporting requirements. *Id.* at 324. The court reasoned, without citation to or discussion of analogous authority, that "ERISA does not require prior or even immediate disclosure of material changes" to plan benefits. *Id.* This Court, however, believes that neither defendants' position nor *Kytle* comport with the spirit and intent of ERISA reporting and disclosure requirements.[11]

(Question by defense counsel)
Q: Did anyone ever inform you at Pacific FM that it was their intent to actively conceal the cancellation of the long-term disability plan?
A: No one told me that.
Rucker Depo. at 95:13–16. Clearly, plaintiff did not, as defendants suggest, concede that defendants were not actively concealing the termination of the LTD plan. Rather, he testified only that defendants did not admit that they were engaging in fraud. These are plainly two different matters.

**8.** It is clear from the record before the Court that Pacific FM never expressly informed its employees that it was terminating the LTD insurance policy. In fact, defendants do not deny this. *See* Def.s' Reply at 16:11–19. Instead, they insist that each of these items provided plaintiff with sufficient notice such that plaintiff "clearly could have asked anyone whether the change in carriers and benefits meant that LTD insurance was no longer being offered." Def.s' Memo. at 18. Apparently, defendants misunderstand the concept of "fiduciary duty." The purpose of ERISA notification requirements is to protect the interests of the plan participants. *Blau*, 748 F.2d at 1352. This goal is undermined where employers, such as Pacific FM, play "hide the ball" with its employees. The burden is not on plaintiff to ask what coverages have been eliminated; that responsibility lies with defendants.

**9.** Defendants state in their moving papers that "Plaintiff conceded at his deposition that no one at Pacific FM actively attempted to conceal the cancellation of the LTD Plan (Pl. Depo., 95:13–16)." Def.s' Memo. at 21. A review of plaintiff's deposition transcript, however, reveals that defendants have mischaracterized plaintiff's testimony:

**10.** Defendants informed the Court of the *Kytle* decision by correspondence, dated June 18, 1992.

**11.** *Kytle* is factually distinguishable from the this case. In *Kytle*, the court focussed on the fact that the employees had received *written notification* of the termination in insurance coverage. Here, defendants never *expressly* informed their employees that they had terminated the LTD policy. In fact, plaintiff did not learn of this termination until he initiated a discussion with Michelle Mattea.

Congress enacted ERISA " 'to safeguard the well-being and security of working men and women and apprise them of their rights and obligations under any employee benefit plan.' " *Blau*, 748 F.2d at 1356 (quoting *Donavan v. Dillingham*, 688 F.2d 1367, 1372 (11th Cir.1982)). The reporting and disclosure requirements of ERISA are designed "to ensure that the individual participant knows exactly where he stands with respect to the plan and to enable employees to police their plans." *Hozier v. Midwest Fasteners, Inc.*, 908 F.2d 1155, 1170 (3rd Cir.1990) (citations and internal quotation marks omitted). In addition, these requirements permit employees "to bargain further or seek other employment if they are dissatisfied with their benefits." *Hamilton v. Air Jamaica, Ltd.*, 945 F.2d 74, 78 (3rd Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1479, 117 L.Ed.2d 622 (1992).

■ In the present case, the ERISA disclosure provisions on which defendants rely, namely, 29 U.S.C. § 1021(a), 1022(a)(1) and 1024(b)(1)(B), *see* Def.s' Memo. at 14, apply only to modifications—as opposed to a termination—of an ERISA plan. Neither *Kytle* nor defendants offer any analysis nor explanation as to why the 210–day notification requirement, germane to a *modification* of benefits, should be applied to the *termination* of benefits. In fact, a contrary finding is more fathomable, given that a termination of benefits affects a beneficiary's rights to a much greater degree than compared to a mere modification. Unlike the latter case, a termination leaves the individual without *any* coverage whatsoever. Thus, it makes sense that the employer should be required to "promptly" notify the affected beneficiaries to afford them the opportunity to find alternative means of coverage.

■ To afford the fiduciary 210 days to notify the beneficiaries of the cancellation of their policy means that the employees would be at risk of having *no coverage* whatsoever *for seven months* without even knowing it. The seven-month notification period enunciated in *Kytle* can hardly be considered the meaningful disclosure man-dated by ERISA and the "prompt" notification articulated in *Willett*. Moreover, following *Kytle* would be inappropriate in light of the Ninth Circuit's awareness of the hardship that the failure to comply with certain ERISA procedural requirements may cause. *See Blau*, 748 F.2d at 1353 ("it is thus clear that violations of ERISA's procedural requirements—reporting, disclosure and claims procedures—may amount to arbitrary and capricious conduct, the remedy to which this entitles the victimized employees has often been less than satisfactory."). For these reasons, the Court concludes that factual issues remain as to whether defendants complied with ERISA's procedural requirements.

### C. *Is Plaintiff Entitled to Substantive Relief For Procedural Violations of ERISA?*

■ Defendants assert that even if they violated certain ERISA procedural regulations, plaintiff would not be entitled to any substantive relief. Def.s' Memo. at 18. "Ordinarily, a claimant who suffers because of a fiduciary's failure to comply with ERISA's procedural requirements is entitled to no substantive remedy." *Blau*, 748 F.2d at 1353. In *Blau*, however, the Ninth Circuit held that employee-beneficiaries were entitled to substantive relief where the employer actively deliberately misled its employees concerning the ERISA plan. *Id.* at 1353. The court explained that ERISA disclosure requirements, while seemingly procedural in nature, may affect the "substantive relationship between the employer and employee...." such that "the defendants' procedural violations may work a substantive harm." *Id.* at 1354. The court found that the employer's intentional concealment of the existence of the plan was fraudulent and deceitful, and warranted substantive relief for plaintiffs. *Id.; accord Kreutzer v. A.O. Smith Corp.*, 951 F.2d 739, 743 (7th Cir.1991) (recognizing that "[m]ost courts ... have held that the employer must have acted in bad faith, actively concealed the benefit plan, or otherwise prejudiced their employees by inducing their reliance on a faulty plan summary

before recovery for procedural violations is warranted.") (citations omitted).

In the instant case, defendants contend that *Blau* applies only in cases involving severe procedural violations, and that the alleged violations in this case do not arise to that level. Def.s' Memo. at 21. This argument is without merit. While it is true that *Blau* emphasized the egregiousness of the employer's conduct, plaintiff presents sufficient evidence to raise a question of fact as to whether defendants' conduct arises to that level. *See* discussion *supra* at 1457–58.

D. *Does Plaintiff's Failure to Exhaust Administrative Remedies Estop Him From Pursuing This Action?*

 The final argument presented by defendants is that plaintiff's failure to exhaust his administrative remedies bars him from seeking relief in this Court. As a general rule, a plan participant must exhaust such remedies prior to filing a legal action. *Horan v. Kaiser Steel Retirement Plan*, 947 F.2d 1412, 1416 (9th Cir.1991). However, "exhaustion of internal dispute procedures is *not required* where the issue is whether a violation of the terms of the statute has occurred." *Fujikawa v. Gushiken*, 823 F.2d 1341, 1345 (9th Cir.1987), *cert. denied*, 487 U.S. 1240, 108 S.Ct. 2913, 101 L.Ed.2d 945 (1988) (emphasis added). Accordingly, where, as in the present case, the participant's claim rests on an allegation of breach of fiduciary duty, the exhaustion requirement is inapplicable. *Horan*, 947 F.2d at 1416 n. 1. Thus, defendants' arguments concerning plaintiff's failure to exhaust his administrative remedies are inapposite.

## III.

### CONCLUSION

The Court finds that none of the arguments presented by defendants warrant summary judgment in their favor. Because the Court is aware of plaintiff's failing health and that resolution of this action will substantially impact plaintiff's ability to obtain proper medical care, this case will be given priority in trial setting.[12] Accordingly,

IT IS HEREBY ORDERED THAT:

(1) Defendants' motion for summary judgment is DENIED in its entirety.

(2) Plaintiff's request to take the deposition by telephone of Unionmutual Stock Life Insurance Company after the discovery cut-off is GRANTED. The deposition will be scheduled at a time mutually agreeable to the parties, and shall be completed no later than July 17, 1992.

IT IS SO ORDERED.

---

**12.** At the hearing and status conference held on June 23, 1992, the Court informed the parties that the earliest trial date was in January of 1993. Upon further reflection, the Court has decided to afford this case priority in the trial calendar. Therefore, at least ten (10) days prior to the further status conference scheduled in July, counsel shall submit a status conference statement which indicates trial counsels' availability during the months of September through December 1992.