

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-18-1997

# Bollman Hat Co v. Root

Precedential or Non-Precedential:

Docket 96-1191

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"Bollman Hat Co v. Root" (1997). *1997 Decisions*. Paper 86.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/86

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 96-1191
_____


BOLLMAN HAT COMPANY

v.

KEVIN T. ROOT;
DALE E. ANSTINE, P.C.

                    Bollman Hat Company, as sponsor
                    of the Bollman Hat Company Health
                    and Welfare Benefits Plan,
                                        Appellant


_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 94-cv-07569)
_____


Argued January 14, 1997

Before:  SLOVITER, Chief Judge,
GREENBERG and SCIRICA, Circuit Judges

(Filed: April 18, 1997)

J. FREEDLEY HUNSICKER, JR., ESQUIRE (ARGUED)
SUSAN M. ROCHE, ESQUIRE
Drinker, Biddle & Reath
1345 Chestnut Street
Philadelphia National Bank Building
Philadelphia, Pennsylvania 19107-3496

   Attorneys for Appellant


THOMAS P. LANG, ESQUIRE (ARGUED)
Law Offices of Dale E. Anstine, P.C.
Two West Market Street
P.O. Box 952
York, Pennsylvania 17405

1

WAYNE C. PARSIL, ESQUIRE
Law Offices of Dale E. Anstine, P.C.
131 East Grant Street
Lancaster, Pennsylvania 17602

   Attorneys for Appellees
   Kevin T. Root and Dale E. Anstine, P.C.


JOSEPH M. MELILLO, ESQUIRE
Angino & Rovner
4503 North Front Street
Harrisburg, Pennsylvania 17110

   Attorney for Amicus Curiae Appellee,
   Pennsylvania Trial Lawyers Association

---

OPINION OF THE COURT
---

SCIRICA, <u>Circuit</u> <u>Judge</u>.


This appeal involves an ERISA plan's subrogation rights, specifically whether a plan must contribute to the legal expenses of a plan participant's recovery against a third party. We addressed this issue in <u>Ryan by Capria-Ryan v. Fed. Express Corp.</u>, 78 F.3d 123 (3d Cir. 1996), decided after the district court here rendered judgment. In this appeal we are asked to distinguish <u>Ryan</u> or in the alternative to reconsider our holding in <u>Ryan</u>.

**I.**

Bollman Hat Company sponsors a self-insured, ERISA-regulated employee benefit plan. After a Bollman employee, Kevin Root, was injured in a motorcycle accident, the Plan paid him $100,197.92 for his medical expenses. Thereafter, Root sued the

2

third party responsible for his personal injuries and obtained a $215,000.00 settlement.

Bollman sought full reimbursement from Root in accordance with § 10.8 of the Plan, which provides:

> In the event of any payment under the Plan to any covered person, the Plan shall, to the extent of such payment, be **subrogated**, unless otherwise prohibited by law, to **all** the rights of recovery of the covered person arising out of any claim or cause of action which may accrue because of alleged negligent conduct of a third party. Any such covered person hereby agrees to reimburse the Plan for **any** payments so made hereunder out of any monies recovered from such third party as the result of judgment, settlement, or otherwise . . . .

(emphasis added). Root complied with Bollman's request for reimbursement in part, but withheld $30,507.13 to pay a portion of the attorney's fees and costs incurred in obtaining the third party settlement.

Bollman contends the terms of the Plan require full reimbursement and do not allow Root to withhold money for attorney's fees. Bollman also maintains Root expressly agreed to full reimbursement when he signed a Reimbursement Agreement before receiving the $100,197.92 from the Plan. The Reimbursement Agreement provides:

> I, Kevin T. Root, understand and acknowledge that my medical plan has a reimbursement provision which provides that medical benefits paid under the plan are to be reimbursed **up to the amount of such benefits paid** from any payments, awards or settlements which may be paid by any third party.

(emphasis added).

3

As sponsor of the Plan, Bollman brought suit against Root in district court for $30,507.13.[1]

Following stipulations of fact and cross-motions for summary judgment, the district court granted summary judgment to Root. Finding Root's personal injury litigation substantially benefited Bollman, the district court held Bollman would be unjustly enriched if Root bore the full burden of litigation costs. Bollman appeals, citing our intervening decision in Ryan by Capria-Ryan v. Fed. Express Corp., 78 F.3d 123 (3d Cir. 1996).

**II.**

Bollman states in its complaint that jurisdiction arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. A case may arise under ERISA where the suit is filed by a plan sponsor who is also a fiduciary. See Northeast Dep't ILGWU Health and Welfare Fund v. Teamsters Local Union No. 229 Welfare Fund, 764 F.2d 147, 153 (3d Cir. 1985) (we must "narrowly and literally" interpret ERISA's civil enforcement provision, 29 U.S.C. § 1132, which allows only a participant, a beneficiary, or a fiduciary to sue). A plan sponsor is a fiduciary only "to the extent" it acts in a fiduciary capacity. 29 U.S.C. § 1002(21)(A) (definition of "fiduciary"). See also Malia v. General Elec. Co., 23 F.2d 828, 833 (3d Cir.), cert. denied, 115 S. Ct. 377 (1994).

---

1.   The parties stipulated that $30,507.13 is the amount due if defendants prevail.  Bollman named as a defendant Dale Anstine, P.C., who holds the disputed $30,507.13 in an escrow account pending resolution of this matter.

4

Bollman has limited the "extent" to which it is a fiduciary by delegating some of its fiduciary duties. At least one circuit has held a suit brought by a plan sponsor as a fiduciary does not arise under ERISA unless the action is related to the fiduciary duties retained by the plan sponsor. See Coyne & Delany Co. v. Selman, 98 F.3d 1457, 1465 (4th Cir. 1996). Cf. Northeast Dep't, 764 F.2d at 154 ("[O]ne's status as fiduciary under ERISA is dependant upon one's relationship to a particular plan.") It is unclear whether Bollman retained fiduciary duties which are in any way relevant to this lawsuit. But we do not need to resolve this issue here. Even if our jurisdiction does not arise under the statute itself, we nonetheless have jurisdiction arising under the federal common law developed pursuant to ERISA. See Airco Indus. Gases, Inc. Div. of the BOC Group, Inc. v. Teamsters Health and Welfare Pension Fund of Philadelphia and Vicinity, 850 F.2d 1028, 1033-34 (3d Cir. 1988) (ERISA case may arise under federal common law where it does not arise directly under the statute).

Federal question jurisdiction will support claims arising under federal common law as well as those of a statutory origin. See Illinois v. City of Milwaukee, Wis., 406 U.S. 91, 100 (1972). A case arises under federal common law if the issue presented is one "of central concern" to ERISA. Airco, 850 F.2d at 1033 (quoting Franchise Tax Bd. of the State of Cal. v. Constructions Laborers Vacation Trust for S. Cal., 463 U.S. 1, 26-27 (1983)). This is such a case. See, e.g., Provident Life & Accident Ins. Co. v. Waller, 906 F.2d 985, 991 (4th Cir.)

5

(holding the issue of "whether federal courts should impart unjust enrichment principles into the gaps left by ERISA" is one of central concern to the statute), cert. denied, 498 U.S. 982 (1990); Northeast Dep't, 764 F.2d 147 (we have federal question jurisdiction to determine a question that implicates ERISA).

We have jurisdiction under 28 U.S.C. § 1291. Our review of the district court's grant of summary judgment is plenary. See Ryan by Capria-Ryan v. Fed. Express Corp., 78 F.3d 123, 125 (3d Cir. 1996).

**III.**

Shortly after the district court granted Root summary judgment, we held in Ryan by Capria-Ryan v. Fed. Express Corp., 78 F.3d 123 (3d Cir. 1996), that an ERISA plan participant whose third party recovery is subrogated to the plan may not withhold attorney's fees where the plan unambiguously requires full reimbursement. See id. at 127. Bollman contends this case is indistinguishable from Ryan.

**A.**

The Ryans were employees of Federal Express and participants in its ERISA plan. After Mrs. Ryan gave birth to a daughter with cerebral palsy and severe brain damage, the Federal Express plan paid medical expenses. Meanwhile, the Ryans brought suit for medical malpractice. After the suit was settled, the Federal Express plan demanded full reimbursement. The Ryans refused, insisting on withholding a portion of counsel fees incurred in pursuing their medical malpractice claim.

6

The Federal Express plan's subrogation provision provided, "[I]f benefits are paid on account of an illness resulting from the intentional actions or from the negligence of a third party, the Plan shall have the right to recover, against any source which makes payments or to be reimbursed by the Covered Participant who receives such benefits, 100% of the amount of covered benefits paid." Ryan, 78 F.3d at 124.

The Ryans sued Federal Express. The district court granted the Ryans summary judgment based on the common law doctrine of unjust enrichment. On appeal, we reviewed the reach of federal courts to apply common law doctrines in ERISA actions and reversed, holding that common law may not "override a subrogation provision in an ERISA-regulated plan on the ground that the plan would be unjustly enriched if it were to be enforced as written." Id. We stated:

> The language of the subrogation provision at issue here unambiguously requires the Ryans to pay back all the money they received from the Plan. Since the Ryans have failed to establish that the Plan `conflict[s] with the statutory policies of ERISA' and have similarly failed to show that the common law right at issue `is necessary to . . . effectuate a statutory policy,' we must reject the Ryans' attempt to establish the common law right they would have us recognize.

Id. at 127 (citations omitted). We also held that "[e]nrichment is not `unjust' where it is allowed by the express terms of the . . . plan." Id. (quoting Cummings by Techmeier v. Briggs & Stratton Retirement Plan, 797 F.2d 383, 390 (7th Cir.), cert. denied, 479 U.S. 1008 (1986)).

**B.**

7

Root argues <u>Ryan</u> is distinguishable because the subrogation provision in the Bollman plan is ambiguous and does not require full reimbursement. Whether an ERISA plan is ambiguous is a question of law. <u>See</u> <u>In re Unisys Corp. Long-Term Disability Plan ERISA Litig.</u>, 97 F.3d 710, 715 (3d Cir. 1996).

We will look to the words of the Plan to make this determination. <u>See</u> <u>id</u>. ("[T]he parties remain bound by the appropriate objective definition of the words they use to express their intent.") (quoting <u>Mellon Bank, N.A. v. Aetna Business Credit, Inc.</u>, 619 F.2d 1001, 1013 (3d Cir. 1980)); <u>Ryan</u>, 78 F.3d at 126. The Bollman plan requires reimbursement of "any payments" made by the Plan to a participant, and provides for subrogation to "all [of Root's] rights of recovery." As used in the plan, the words "any" and "all" both mean "the whole of" or "every." <u>Black's Law Dictionary</u> 74, 94 (6th ed. 1990). Notwithstanding the universal scope of "any" and "all," Root attempts to distinguish the Bollman plan, which called for "100%" reimbursement. We see no distinction. On this point, we find the <u>Ryan</u> plan and the Bollman plan to be materially identical and the Bollman plan to be unambiguous.

Root also contends the Plan is ambiguous on Bollman's duty to pay Root's attorney's fees because it provides, "The Company shall pay fees and costs associated with the enforcement of the Plan rights." But the application of this provision is expressly limited to "enforcement of the Plan rights," i.e. actions in which the Plan enforces its own rights. It does not

8

require the Plan to fund actions to enforce the independent rights of a plan beneficiary against a third party.

## C.

Root maintains the Reimbursement Agreement he signed is ambiguous because it does not specifically address attorney's fees. But the Reimbursement Agreement requires reimbursement "up to the amount of such benefits paid." A plan or agreement need not specifically address attorney's fees in order to unambiguously require full reimbursement.[2]

## IV.

The major thrust of Root's argument is that <u>Ryan</u> was incorrectly decided and should be overruled. <u>Amicus</u>, the Pennsylvania Trial Lawyers Association, also urges us to reconsider our holding in <u>Ryan</u>. Of course, a panel of our court cannot overrule a prior published decision.[3] Only the court en banc may do this. <u>See</u> Third Circuit I.O.P. 9.1.

2. Root also argues the Reimbursement Agreement is an unconscionable adhesion contract. But the parties' stipulations of fact, which were the sole factual basis for the district court's decision on summary judgment, do not contain facts necessary to support this argument. Generally we do not consider facts raised for the first time on appeal. <u>See</u> <u>Harris v. City of Philadelphia</u>, 35 F.3d 840, 845 (3d Cir. 1994).

3. We note the holding in <u>Ryan</u> has support in the case law. <u>See</u> <u>Cutting v. Jerome Foods, Inc.</u>, 993 F.2d 1293, 1298-99 (7th Cir.) (declining to adopt federal common law rule preventing full reimbursement where the clear language of an ERISA plan requires full reimbursement), <u>cert.</u> <u>denied</u>, 510 U.S. 916 (1993); <u>Blackburn v. Becker</u>, 933 F. Supp. 724, 729 (N.D. Ill. 1996) (employee may not withhold attorney's fees because "there is no reason to fiddle with an unambiguous plan provision which the parties freely entered into."); <u>Trident Reg'l Health Sys. v. Polin</u>, 948 F. Supp. 509, 514 (D.S.C. 1996) ("[F]ederal courts do not rewrite the unambiguous terms of an ERISA plan . . . ."); <u>Provident Life & Accident Ins. Co. v. Williams</u>, 858 F. Supp. 907, 912 (W.D. Ark. 1994) (allowing plan participants to withhold attorney's fees but

Nonetheless, _amicus_ contends _Ryan_ will lead to inequitable results where a plan participant's third party recovery is less than the plan's subrogation claim plus attorney's fees. But Root's third party settlement fully financed his attorney's fees and the subrogation claim. We will not address hypothetical scenarios.

_Amicus_ also contends _Ryan_ may hinder settlement of claims by plan participants against third parties. This prospect is troublesome. But _Ryan_ holds only that we must uphold unambiguous plan terms that do not conflict with ERISA's statutory policies. Depending on the circumstances, parties to a subrogation agreement may still be able to negotiate compromises on attorneys' fees.

**V.**

Finally, Root raises an issue apparently not raised in _Ryan_. Citing the common law on subrogation, Root maintains that a subrogee may not recover more than the subrogor. Although his

argument is not explicit, it appears Root advocates a pro rata
(..continued)
recognizing that "if the right to reimbursement were contractually defined, the parties could expressly agree that reimbursement would be the first money out of the settlement monies with no deduction for attorneys fees and costs."); _Thompson v. Fed. Express Corp._, 809 F. Supp. 950, 958 (M.D. Ga. 1992) (holding plan participant may not withhold portion of attorney's fees where plan required full reimbursement). _But_ _see_ _Provident Life & Accident Ins. Co. v. Waller_, 906 F.2d 985, 993 (4th Cir.) (requiring reimbursement under theory of unjust enrichment because ERISA indicates Congress's desire to ensure that plans are administered equitably and "that no one party, not even plan beneficiaries, should unjustly profit."), _cert. denied_, 498 U.S. 982 (1990); _Dugan v. Nickla_, 763 F. Supp. 981, 984-85 (N.D. Ill. 1991) (reducing reimbursement to reflect payment of attorney's fees, despite plan language requiring full reimbursement).

10

reduction of the Plan's subrogation lien, i.e. the Plan's recovery should be limited, as Root's recovery was limited, by a pro rata portion of the attorney's fees. See, e.g., Simmons v. Cohen, 551 A.2d 1124, 1127 (Pa. Commw. Ct. 1988) (holding that, where welfare recipients sued to recover SSI awards which were subrogated to the state department of public welfare, the state department subrogee had common law duty to contribute to their legal expenses).

ERISA is silent on the issue of subrogation. Ryan, 78 F.3d at 127. We may adopt a common law principle only if "necessary to fill in interstitially or otherwise effectuate the statutory pattern enacted in the large by Congress." Plucinski v. I.A.M. Nat'l Pension Fund, 875 F.2d 1052, 1056 (3d Cir. 1989) (quoting Van Orman v. American Ins. Co., 680 F.2d 301, 312 (3d Cir. 1982)). Otherwise, we may not create substantive ERISA rights. See Hamilton v. Air Jamaica, Ltd., 945 F.2d 74, 78 (3d Cir. 1991) (Courts have "no authority to draft the substantive content in [ERISA] plans.") (quoting Blau v. Del Monte Corp., 748 F.2d 1348, 1353 (9th Cir. 1984), cert. denied, 474 U.S. 865 (1985)), cert. denied, 503 U.S. 938 (1992); Van Orman v. American Ins. Co., 680 F.2d 301, 312 (3d Cir. 1982).

Root has not established that full reimbursement of subrogation claims conflicts with ERISA's policies or that adoption of a pro rata reduction is necessary to effectuate these policies. In fact, the policies underlying ERISA generally counsel reliance on unambiguous plan language. Van Orman, 680 F.2d at 312 ("The Supreme Court has emphasized the primacy of

11

plan provisions . . . ."). Although circumstances may arise necessitating a pro rata reduction in reimbursement, we find Root's argument in this case unconvincing.

## VI. Conclusion

For the reasons stated, we will reverse the grant of summary judgment in favor of Root and remand to the district court to enter judgment in favor of Bollman. See <u>Ryan by Capria-Ryan v. Fed. Express Corp.</u>, 78 F.3d 123 (3d Cir. 1996).