941 F.2d 242
 21 Bankr.Ct.Dec. 1632, Bankr. L. Rep. P 74,210
 In re Migdalia COLON; Fred J. Szostek; Denise M. Szostek, Debtors.
Migdalia COLON; Fred J. Szostek
v.
Royal HART, Chief Clerk; City of Philadelphia, Traffic
Court; Howard Yerusalim, Secretary of
Transportation; Commonwealth of
Pennsylvania, Department of
Transportation.
Commonwealth of Pennsylvania, Department of Transportation
and Howard Yerusalim, Secretary of Transportation,
Appellants.
 No. 91-1185.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6)
July 15, 1991.
Decided Aug. 13, 1991.
 
 David A. Searles, Community Legal Services, Philadelphia, Pa., for appellees.
 Carl Vaccaro, Office of Atty. Gen., Office of Chief Counsel, King of Prussia, Pa., for appellants.
 Before SLOVITER, Chief Judge, GREENBERG and SEITZ, Circuit Judges.
 OPINION OF THE COURT
 SEITZ, Circuit Judge.
 
 
 1
 We are asked to review an order of the district court dismissing the appeal of two of three orders entered by the bankruptcy court in an adversary proceeding.
 
 
 2
 The somewhat complicated procedural history of this matter is important to an understanding of the issues to be resolved.
 
 
 3
 Adversary proceedings were instituted in bankruptcy court by two separate debtors, Migdalia Colon and Fred J. Szostek, to enforce the automatic stay provisions of 11 U.S.C. § 362 (1988) against the Pennsylvania Department of Transportation and its Secretary Howard Yerusalim ("PennDOT"), the Philadelphia Traffic Court and its Chief Clerk Royal Hart ("Traffic Court"), and Edward Sparkman, the standing trustee in bankruptcy. After trial, the bankruptcy court concluded that the defendants willfully violated the automatic stay and by order dated July 11, 1989, enjoined them from further violations. In re Colon, 102 B.R. 421 (Bankr.E.D.Pa.1989) ("Colon I "). It deferred resolution of other relief, ordering briefing on the question of sovereign immunity. The district court dismissed an appeal from this order without prejudice as premature.
 
 
 4
 On June 7, 1990, the bankruptcy court filed an opinion, In re Colon, 114 B.R. 890 (Bankr.E.D.Pa.1990) ("Colon II "), in which it decided that sovereign immunity did not bar further relief. Based on that ruling its accompanying order (1) ordered Traffic Court to return traffic fines and pay lost wages to Szostek, (2) ordered that PennDOT and Traffic Court were liable for plaintiffs' attorneys' fees (PennDOT was held liable for Szostek's fees only), and (3) instructed plaintiffs to submit an application for attorneys' fees within thirty days. No appeal was immediately taken from any part of this order. Thereafter, plaintiffs filed an application for fees and on August 24, 1990, the bankruptcy court entered its award of fees and costs in the amount of $12,944.70.
 
 
 5
 On September 4, 1990 PennDOT filed an appeal to the district court. The notice of appeal recites that PennDOT sought to appeal the orders in Colon I and Colon II as well as the August 23, 1990 order quantifying attorney fees.
 
 
 6
 Szostek moved to dismiss PennDOT's appeal of the Colon I and II orders for lack of jurisdiction. On February 6, 1991, the district court entered an order granting the motion. In an accompanying memorandum the district court held that the bankruptcy court's second order, dated June 7, 1990 (Colon II ), was a final decision when it was entered. Szostek v. Hart, 123 B.R. 719 (E.D.Pa.1991). We think the necessary consequence of that ruling was to determine that the first order of the bankruptcy court (Colon I ) was rendered final when the bankruptcy court entered its second order. Therefore, references hereinafter to the second order will also encompass the first order. Based on its ruling the district court concluded that the appeal from the second order was required to have been taken within 10 days thereafter. See Bankruptcy Rule 8002. Since that order was not appealed within the requisite time period the district court concluded that it lacked jurisdiction and granted Szostek's motion to dismiss the appeal of the first two orders.
 
 
 7
 In its opinion the district court stated that the appeal of the third order, the order quantifying fees, was timely, but it did not dispose of that appeal. On March 7, 1991, while the fee appeal was still pending in the district court, PennDOT appealed to this court from the district court's order dismissing the appeal of the first two orders of the bankruptcy court. Our first task is to decide the appealability of this order.
 
 
 8
 Title 28 U.S.C. § 158(d) (1988) establishes our jurisdiction over decisions of the district courts when those courts are exercising appellate jurisdiction over decisions of bankruptcy courts. It provides:
 
 
 9
 (d) The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section.
 
 
 10
 Subsection (a) of § 158 provides in pertinent part:
 
 
 11
 (a) The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees ... of bankruptcy judges....[1]
 
 
 12
 Thus we may entertain appeals only from final orders of the district courts exercising appellate jurisdiction over final decisions of the bankruptcy courts. We must therefore first decide whether the appeal from the bankruptcy court's second order was from a final decision of that court.
 
 
 13
 The second order of the bankruptcy court required Traffic Court to return fines and pay lost wages to Szostek as relief for the violation of the bankruptcy stay proceedings. Apart from the question of fees, this order was a final disposition of plaintiffs' adversary proceedings because the bankruptcy court resolved all outstanding issues. However, the bankruptcy court determined that it would also allow attorneys' fees but deferred quantifying the amount. The crucial issue is whether the latter action, deferring quantification of fees, deprived the order of finality.
 
 
 14
 The resolution of this issue requires us to decide whether, in an appeal from a decision of a bankruptcy court in an adversary proceeding, the rule of White v. New Hampshire, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) and its progeny applies. That ruling in effect renders a merits determination final for appeal purposes if attorneys' fees are not a part of the merits judgment. Given the considerations the Supreme Court found persuasive in announcing its ruling, we think those same factors dictate that the same ruling should apply to so much of the bankruptcy court's second order as resolved the merits of an adversary proceeding.
 
 
 15
 The critical issue, then, is whether the second order was a final decision on the merits with respect to everything except attorneys' fees. In resolving the issue, we turn again to the second opinion and order of the bankruptcy court (Colon II ). As a preliminary matter, we do not think the resolution of the issue is affected by the fact that the second order also declared the right to attorneys' fees but delayed quantification. Cf. Frangos v. Doering Equip. Corp., 860 F.2d 70, 72 (3d Cir.1988). Otherwise, finality for appeal purposes could turn on the happenstance as to whether the right to fees is determined along with the merits. Under White, we believe the determination of the merits is to be viewed separately from the decision on the right to fees and of course their quantification. Thus for finality purposes, we must decide whether the relief granted (attorneys' fees aside) rendered the second order a final decision to that extent.
 
 
 16
 PennDOT argues that the bankruptcy court in its second order awarded remedies for its finding of civil contempt of the stay order, and that one remedy was allowance of attorneys' fees. It argues that the fees were part of the merits determination, and, therefore, there was no final order until the fees were quantified. As we read its second opinion, the bankruptcy court allowed fees under 11 U.S.C. § 362(h), which provides that "[a]n individual injured by any willful violation of a stay ... shall recover actual damages, including costs and attorneys' fees...."
 
 
 17
 Whether the fees were allowed under the statute or as part of a civil contempt sanction, we think the answer to the question whether the fees were separate from the merits is found by analogy in Budinich v. Becton Dickinson & Co., 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988). There the Court said:
 
 
 18
 We are not inclined to adopt a disposition that requires the merits or nonmerits status of each attorney's fees provision to be clearly established before the time to appeal can be clearly known. Courts and litigants are best served by the bright-line rule, which accords with traditional understanding, that a decision on the merits is a "final decision" for purposes of § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case.
 
 
 19
 Id. at 202-03, 108 S.Ct. at 1722.
 
 
 20
 We read the quoted language to treat attorneys' fees apart from the merits for purposes of appeal, and we think this is so even though these proceedings were instituted to assert a violation of the bankruptcy stay provisions. In view of Budinich, our conclusion is not altered by the source of the authority for the fees or by the fact that the source of authority purports to make attorneys' fees part of the damages.
 
 
 21
 Therefore, we conclude that the second order of the bankruptcy court, apart from its allowance of attorneys' fees, was a final appealable decision on the merits within the meaning of 28 U.S.C. § 158(a). The district court's order dismissing the appeal of the merits portion of that order also constituted a final decision of the district court under § 158(d). We do not think the finality of that order was suspended by the fact that the district court did not dispose of the appeal of the bankruptcy court's third order. We so conclude because the finality scheme of § 158 suggests the desirability of prompt resolution on appeal of final orders of bankruptcy courts.
 
 
 22
 It is now our task to review the order of the district court dismissing the appeal of the bankruptcy court's first order and its second order to the extent it disposed of the merits. Based on our previous discussion, the second order was a final decision on the merits, and was thus immediately appealable under § 158(a). Under Bankruptcy Rule 8002 an appeal must be taken within ten days of the entry of the order appealed from, and a late filing is insufficient to vest the district court with jurisdiction of the appeal. See Whitemere Dev. Corp. v. Township of Cherry Hill, 786 F.2d 185, 187 (3d Cir.1986) (citing In re Universal Minerals, Inc., 755 F.2d 309, 312 (3d Cir.1985)). PennDOT did not file a notice of appeal within the necessary time period, and therefore the district court correctly dismissed PennDOT's appeal as untimely. We will therefore affirm the district court's dismissal to the extent described.
 
 
 23
 The foregoing disposition requires us to address the fact that the district court dismissed the appeal from the second order in its entirety on timeliness grounds. We believe that the attorneys' fees ruling in the second bankruptcy court order was not appealable at that time for lack of finality. Cf. Frangos, 860 F.2d at 72. Thus the appeal of that portion of the second order allowing fees but deferring quantification was not dismissible as untimely. Rather it should have been dismissed for lack of finality under § 158(a), and the failure to do so on that ground was error. Because there was no final order before the district court as to that portion of the second order, we are without jurisdiction to entertain that portion of the appeal under § 158(d). See In re White Beauty View, Inc., 841 F.2d 524, 525-27 (3d Cir.1988); In re Jeannette Corp., 832 F.2d 43, 45-46 (3d Cir.1987). Of course, our disposition leaves the district court, in disposing of the appeal from the third order of the bankruptcy court quantifying fees, to consider the correctness of the ruling in the second order of the bankruptcy court that fees were allowable.
 
 
 24
 The order of the district court of February 6, 1991, will be affirmed to the extent that it dismissed the appeal from the first order of the bankruptcy court (Colon I ) and so much of the second order of the bankruptcy court (Colon II ) as constituted a determination of the merits. We will dismiss the appeal from that portion of the district court's February 6, 1991, order dismissing the appeal from the bankruptcy court's decision to allow attorneys' fees in Colon II.
 
 
 
 [1]
 Section 158(a) also permits district courts to hear appeals, "with leave of the court, from interlocutory orders and decrees...." This case does not involve an interlocutory appeal to the district court