952 F.2d 41
 14 Employee Benefits Cas. 2065
 Ricky CONFER and Holly Confer, and Erie Indemnity Company
v.
CUSTOM ENGINEERING COMPANY, Theodore E. Flower and Peter
Traphagen; Custom Engineering Co. Employee Benefit Plan,
a/k/a Custom Engineering Co. Employee Health Benefit
Program, Custom Engineering Company, Trustee
v.
SELF-FUNDED PLANS, INC., and Manufacturers Life Insurance
Company, Third-Party Defendant,
Custom Engineering Company Employee Health and Benefit Plan
a/k/a Custom Engineering Company Employee Health
and Benefit Program and Custom
Engineering Company, Appellants.
 No. 91-3246.
 United States Court of Appeals,
Third Circuit.
 Argued Oct. 10, 1991.
Decided Dec. 19, 1991.
 
 John M. Quinn, Jr. (argued), Kenneth W. Wargo, Quinn, Gent, Buseck and Leemhuis, Erie, Pa., for appellants.
 James D. McDonald, Jr. (argued), Daniel J. Pastore, The McDonald Group, James J. Stuczynski, Bernard Stuczynski & Bonanti, Erie, Pa., for appellees.
 Timothy J. Galanaugh, Murphy and O'Connor, Haddonfield, N.J., for third-party defendant.
 Before MANSMANN, NYGAARD and SEITZ, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 In this ERISA action, the district court determined that plaintiff Ricky Confer is entitled to medical benefits under the Custom Engineering Employee Health Benefit Plan, because an oral statement of a change in a plan does not effect a modification of the plan's terms. The district court also determined that Custom Engineering Company, the Plan's administrator, breached its fiduciary duty to Confer by wrongfully denying him benefits. Confer v. Custom Eng'g Co. Employee Health Benefit Plan, No. 89-69 (W.D.Pa. Jan. 9, 1991).
 
 
 2
 Custom Engineering and the Plan together appeal from the district court's determination that the Plan covers Confer's claim.[1] They also appeal from the district court's denial of their motion for reconsideration and an award of attorney fees to Confer. 760 F.Supp. 75.
 
 
 3
 We will affirm the district court's coverage determination and the district court's denial of reconsideration. Because the amount of attorney fees has not been finally determined, that issue is not properly before us and we do not reach its merits.
 
 I.
 
 4
 On April 1, 1985, Custom Engineering's president announced, in a speech to all employees, that the company's new health plan, effective on or about April 1, 1985, would exclude coverage for motorcycle accidents. Custom Engineering also posted a bulletin board notice with the same information. Nonetheless, the Plan, which Custom Engineering received on April 10, 1985, and executed the following month, did not exclude motorcycle accidents from coverage.
 
 
 5
 On June 1, 1985, Confer was seriously hurt in a motorcycle accident. Custom Engineering alleges that it was only then that it discovered that the written plan document did not exclude coverage for injuries incurred in a motorcycle accident. Custom Engineering's president then had an amendment prepared by Self-Funded Plans, Inc., which he signed sometime after Confer's accident and before July of 1985, backdating its effective date to April 10th. In September of 1985, Self-Funded was responsible for handling claims and, based on the backdated amendment, denied coverage for all of Confer's injuries related to his motorcycle accident.
 
 
 6
 Confer sued Custom Engineering, its officers, Self-Funded, and the Plan to recover benefits. In a January 9, 1991, memorandum opinion, the district court held, inter alia, that (1) the Plan covered Confer's claim because it had not been effectively amended by the oral announcement, the posted bulletin, or the backdated amendment; (2) Custom Engineering--through its officers--had breached its fiduciary duty by backdating the amendment in order to deprive Confer of benefits; and (3) Custom Engineering showed extreme bad faith by backdating the plan and was liable for attorney fees.[2]
 
 
 7
 In an accompanying order, the district court granted summary judgment against the Plan and Custom Engineering in the amount of $142,321.95. The district court further directed the Plan to cover all of Confer's future related medical expenses. The district court also awarded reasonable attorney fees and directed the submission of documents to support the amount requested.
 
 
 8
 On January 25, 1991, Custom Engineering and the Plan filed a motion seeking reconsideration and revision of the January 9th order "to reflect Custom Engineering's subrogation rights, and to eliminate its liabilities for Ricky Confer's future medical expenses." The district court denied their motion, indicating that Custom Engineering and the Plan had not adequately brought either issue to the court's attention prior to the order granting summary judgment. Confer v. Custom Eng'g Co. Employee Health Benefit Plan, 760 F.Supp. 75 (W.D.Pa.1991). Pursuant to Fed.R.Civ.P. 54(b), the district court entered final judgment on the January 9th order.
 
 
 9
 Our review of an order of summary judgment is plenary. Country Floors, Inc. v. Partnership of Gepner & Ford, 930 F.2d 1056, 1060 (3d Cir.1991); Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir.1976), cert. denied, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). We thus "apply the same test the district court should have utilized initially." Colgan v. Fisher Scientific Co., 935 F.2d 1407, 1413 (3d Cir.1991) (quoting Goodman ), cert. denied, --- U.S. ----, 112 S.Ct. 379, 116 L.Ed.2d 330 (1991).
 
 II.
 A.
 
 10
 Section 402(a)(1) of ERISA requires that "[e]very employee benefit plan shall be established and maintained pursuant to a written instrument." 29 U.S.C. § 1102(a)(1). This section precludes oral or informal amendments to employee benefit plans. See Hozier v. Midwest Fasteners, Inc., 908 F.2d 1155, 1163 (3d Cir.1990) and cases cited therein; see also Hamilton v. Air Jamaica, Ltd., 945 F.2d 74 (3d Cir.1991).
 
 
 11
 Custom Engineering and the Plan acknowledge that the Plan's written instrument did not exclude Confer's claim at the time of his accident. Under Hozier, neither the speech nor the bulletin board announcement could effectively change that written instrument. Only a formal written amendment, executed in accordance with the Plan's own procedure for amendment, could change the Plan. Moreover, the change by means of a formal amendment could operate only prospectively. The district court correctly determined that the unamended Plan governed, and that it covered Confer's injuries.
 
 B.
 
 12
 The disposition of a motion for reconsideration is reviewable for abuse of discretion. Osei-Afriyie v. Medical College of Pennsylvania, 937 F.2d 876, 881 (3d Cir.1991), petition for cert. filed, (Sept. 30, 1991) (No. 91-6061); Koshatka v. Philadelphia Newspapers, Inc., 762 F.2d 329, 333 (3d Cir.1985).
 
 
 13
 Custom Engineering and the Plan did not raise the issue of subrogation in any of their summary judgment papers. They did not argue, either, that Confer's employment status makes him ineligible for benefits. The district court found that Custom Engineering and the Plan had ample opportunity to make both arguments and failed to do so adequately. The district court exercised sound discretion when it refused to consider arguments that, in effect, had been waived. Thus, those arguments have not been properly preserved for appeal, and we do not reach their merits.
 
 C.
 
 14
 Because the district court has not yet quantified the attorney fees, we do not have jurisdiction over that issue, despite the Rule 54(b) certification. See Colon v. Hart (In re Colon), 941 F.2d 242, 245 (3d Cir.1991) (order allowing attorney fees but deferring quantification should be dismissed for lack of finality). The district court's final order pursuant to Fed.R.Civ.P. 54(b) did not expressly certify the question of fees, nor can we read the order to have done so, since that question has not yet been fully resolved. This lack of finality does not deprive us of jurisdiction over the merits, because as we stated in Colon, attorney fees should be considered apart from the merits for purposes of appeal. Id. at 245.
 
 III.
 
 15
 We will affirm both the grant of summary judgment against Custom Engineering and the Plan, and the denial of their motion for reconsideration. For lack of finality, we will dismiss that part of the appeal relating to attorney fees.
 
 
 
 [1]
 Custom Engineering, its officers, and the Plan are represented by the same counsel. In this appeal at No. 91-3246, Custom and the Plan have filed a joint brief. There, they did not brief the issue of a breach of fiduciary duty by the corporation. In the reply brief to Ricky Confer's appeal, however, counsel states that because Custom Engineering must fund any amount for which the Plan is liable, "it is not really that significant what basis the lower court used to reach its conclusion of Custom [Engineering]'s liability." Brief for Appellees at 26, Confer v. Custom Eng'g Co., 952 F.2d 34 (3d Cir.1991). It is thus clear that Custom Engineering has not appealed from the determination that it breached a fiduciary duty, resting its challenge on contractual issues. Thus we will not address the fiduciary issue here
 
 
 [2]
 The district court also held that Custom's officers and the Plan's supervisor were not fiduciaries and therefore not liable to Confer. We address Confer's appeal from that decision in a separate opinion at 952 F.2d 34