Judy CORRIGAN

v.

**METHODIST HOSPITAL, Sanford
H. Davne and Donald Myers.**

Civ. A. No. 94–CV–1478.

United States District Court,
E.D. Pennsylvania.

May 8, 1995.

Joseph L. Messa, Jr., Thomas W. Sheridan, Giuliana F. Robertson, Mark W. Tanner, Ominsky, Welsh and Steinberg, P.C., Philadelphia, PA, for plaintiff.

Nancy A. Nolan, Kimberly A. Cummings, Post & Schell, P.C., Philadelphia, PA, for defendant Methodist Hosp.

Kevin H. Wright, Amalia V. Romanowicz, Wright, Young & McGilvery, P.C., Plymouth Meeting, PA, for defendant Sanford H. Davne, M.D.

Daniel F. Ryan, III, Christine A. Egan, O'Brien & Ryan, Plymouth Meeting, PA, for defendant Donald Myers, M.D.

**MEMORANDUM**

JOYNER, District Judge.

Plaintiff, Judy Corrigan, has moved this Court for relief from this Court's July 11, 1994 Order, and also requests a ruling in limine to introduce at trial the Minutes of the September 19, 1991 Quarterly Staff Meeting of Defendant Methodist Hospital. On July 11, 1994, this Court ruled that the Minutes were peer review material protected by Pennsylvania's peer review act. Plaintiff presents her requests as a motion to reconsider and it is that standard we use to evaluate her requests.

A motion for reconsideration is intended to permit a party to present newly discovered evidence, or correct manifest errors of law or fact. *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985), *cert. denied,* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). It is not an opportunity for a party to re-litigate already decided issues or to present previously available evidence. *Id.* Plaintiff informs this Court that she "proceeds strictly on the theory that this Court's Memorandum and Order of July 11, 1994 should be reconsidered on the basis of newly discovered evidence." Pls. Brief at 2.

Plaintiff's new evidence argument is based on the deposition of Kevin Hannifan, the Chief Executive Officer of Methodist. In his deposition, Mr. Hannifan was questioned about the September 19, 1991 Quarterly Staff Meeting that resulted in the Minutes at issue. He explained that the Quarterly Staff Meetings are meetings that the entire Medical Staff of Methodist, approximately 300 people, can attend, and that following the meeting, the Minutes are distributed to all members of the Medical Staff. Plaintiff argues that this new evidence indicates that the Staff Meeting was not a protected credentialling committee meeting or that if it was, any peer review privilege was waived, and that therefore, the Peer Review Protection Act does not apply.

The Peer Review Protection Act (PRPA), 63 Pa.Stat.Ann. §§ 425.1—425.4 (Supp.1994) states in relevant part:

**Confidentiality of *review organization's* records**

The proceedings and records of a *review committee* shall be held in confidence and shall not be subject to discovery or introduction into evidence in any civil action against a professional health care provider arising out of the matters which are the subject of evaluation and review by such committee.

(emphasis added). A review organization is defined by the statute, in part, as "any hospital board, committee or individual reviewing the professional qualifications or activities of its medical staff or applicants for admission thereto." 63 Pa.Stat.Ann. § 425.2. The debate today, then, is whether the new information from Mr. Hannifan serves to demonstrate that the September 19, 1991 Quarterly Staff Meeting was not a meeting protected by the PRPA.

According to Methodist's Medical Staff's Bylaws, in order for a doctor to become a member of Methodist's Medical Staff, first, the doctor must submit an application for appointment to the Secretary of the Medical Staff. Bylaws Art. V, § A, cl. 3. Second, the Credentials Committee reviews the application and conducts an investigation of the applicant. The Credentials Committee then transmits a written report of its investigation of the applicant and a recommendation to the Executive Committee, "which shall in turn pass its recommendations along to the medical staff for action." *Id.* at Art. V, § B, cl. 1. Third, at the next regular meeting of the Medical Staff, the Medical Staff votes by secret ballot "whether to recommend to the governing body that the applicant be provisionally appointed to the medical staff, that he be rejected for medical staff membership, or that his application be deferred for further consideration." *Id.* at Art. V, § B, cl. 2. Following this vote there are several other steps, including opportunities for re-evaluating doctors who were not approved by the Medical Staff. *Id.* at Art. V, § B, cls. 3–12.

■ It appears then, that when the Medical Staff votes at a regular Medical Staff meeting on the appointment of an applicant, the Medical Staff is acting to review the "professional qualifications or activities of its medical staff or applicants for admission thereto." 63 Pa.Stat.Ann. § 425.2. This is, in fact, what happened at the September 19, 1991 Quarterly Staff Meeting. A list of 20 doctors was presented to the Medical Staff present at the meeting, and they, as the Medical Staff, voted in accordance with the Bylaws. This conclusion finds added support in the Minutes themselves, which read, "Doctor Zeluck reminded all members that they are voting on the credentials of the applicants." Minutes at 3. We find, therefore, that the Quarterly Staff Meeting is a Review Organization under the protection of the PRPA.

We recognize Plaintiff's concern that the entire Medical Staff's ability to vote on the appointment may distinguish it from the common understanding of the term "committee," which can imply a select group of a larger whole. However, as Methodist points out, there is such a concept of a "committee of the whole," and it is perfectly understandable that on a matter as important as granting membership to a hospital's Medical Staff, that the entire Medical Staff, as a committee of the whole, would be invited to cast its vote.

Plaintiff also argues that because the Minutes were distributed to the entire Medical Staff, that there was no intent for the Minutes to be confidential or that any privilege

was waived. Plaintiff does not present any evidence, however, that would support this assertion. There is no argument that the Minutes were distributed to non-Medical Staff members, or that there was any reason why members of the Medical Staff who were not present at the meeting should not have been apprised of what occurred at the meeting.

For these reasons, Plaintiff's new evidence does not demonstrate either that the Staff Meeting was not a peer review organization as defined in the PRPA, the Minutes were not protected as peer review under the PRPA, or a peer review privilege was waived. Accordingly, we deny Plaintiff's Motion in Limine and Motion to relieve her of our July 11, 1994 Order.

An appropriate Order follows.

### ORDER

AND NOW, this 8th day of May, 1995, upon consideration of Plaintiff's Motion for Relief from the Court's Order Dated July 11, 1994 and Motion in Limine to Introduce the Quarterly Staff Meeting Minutes, and responses thereto, the Motion is hereby DENIED.