Opinions of the United States Court of Appeals for the Third Circuit



6-28-1995

# In Re: Unisys Corp (Mem Op)

Precedential or Non-Precedential:

Docket 94-1912

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

## Recommended Citation

"In Re: Unisys Corp (Mem Op)" (1995). *1995 Decisions.* Paper 177.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/177

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 94-1912
_____

IN RE:  UNISYS CORP. RETIREE MEDICAL BENEFIT
"ERISA" LITIGATION

*Robert T. Dreegar; Ronald R. Bennett; Kenyon Bement;
Donald Wagner; Lucius Browne; Donald Fabry; Thomas
Durkin; Bernard Hart; Herman Hein; Donald L. Thompson;
Jim M. Eaves, individually and on behalf of all members
of the Burroughs Class and Unisys Class previously
certified by the Court who were not participants in
special early retirement incentive programs and their
eligible spouses and dependents (referred to by the
Court as "Burroughs and Unisys non-VERIP plaintiffs"),

Appellants

*(Pursuant to F.R.A.P. Rule 12(a))
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. MDL 969)
District Judge: Honorable Edward N. Cahn
_____

Argued
May 4, 1995
Before:  Mansmann, Scirica and McKee, <u>Circuit</u> <u>Judges</u>.

(Filed:  June 28, 1995)
_____

MEMORANDUM OPINION OF THE COURT
_____


MANSMANN, <u>Circuit Judge</u>.

This appeal, like its companion appeals in Nos. 94-1800, 94-1801 and 94-1875, arises out of Unisys' decision to terminate the retiree medical benefit plans under which it had previously provided coverage, and to replace those plans with a new plan under which Unisys would eventually shift the entire cost of providing medical benefit coverage to the plan's participants, the retirees. The appellants here, former Unisys or Burroughs employees (and their eligible spouses and dependents) who were receiving retiree medical benefits from the Burroughs Plans or Unisys Plan at the time of the company's action to terminate these plans, have appealed the district court's grant of summary judgment, in Unisys' favor, on the retirees' claims that Unisys had denied them vested benefits in violation of ERISA. On appeal to us, these retirees allege that the district court erred, as a matter of law, in holding that the Burroughs and Unisys Plans were unambiguous and erred in holding that the retirees could not establish their claim for medical benefits on equitable estoppel grounds.[1]

Because the historical facts, which are not in dispute, have already been recited extensively, both in the district court's opinion granting summary judgment, see In re Unisys, 837 F. Supp. 670 (E.D. Pa. 1993), and in our own opinions in the appeals docketed at Nos. 94-1800 and 94-1875, we do not reiterate

---

[1]. The retirees have also appealed from the district court's May 26, 1993 order striking their demand for a jury trial. We need not address this issue given our disposition of the ambiguity issue.

these facts here.  Rather, we turn to the issues raised on appeal and discuss the facts insofar as they relate and pertain to our analysis of these issues.[2]

## I.

In this case, as in all of the other consolidated appeals, Unisys maintained that it had an inherent right to terminate the retirees' medical benefit plans based on unambiguous reservation of rights language in the official plan documents.  The 1988 summary plan description for the Unisys Post-Retirement and Extended Disability Medical Plan, which applied to all class members who retired after April 1, 1989, contained the following provision:

> Unisys expects to continue the plans described in this booklet, but necessarily reserves the right to change or end them at any time.  The Company's decision to change or end the plans may be due to changes in federal or state laws governing welfare benefits, the requirements of the Internal Revenue Code or ERISA, the provisions of a contract or a policy involving an insurance company or any other reason.

(Emphasis added) (A 360).[3]  Similarly, the SPD for the 1985 version of the Burroughs' retiree medical benefit plan contained the following reservation of rights clause:

---

[2].       The district court had jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(f).  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the district court's grant of summary judgment. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); Bixler v. Central Penna. Teamsters Health and Welfare Fund, 12 F.3d 1292, 1297-8 (3d Cir. 1993).

> While Burroughs does not presently plan to do
> so, it necessarily <u>reserves the right to</u>
> <u>terminate or modify the plan at any time</u>,
> which will result in the termination or
> modification of your coverage.

(Emphasis added) (A 758).[4]

(..continued)

[3]. The retirees make a belated attempt to raise a factual question as to what constituted the Unisys SPD. The retirees assert that the district court refused to consider evidence as to whether the documents in which the Unisys reservation clauses appeared even applied to retirees. They argue that the court, "without comment accepted a clause appearing in a 1988 booklet describing a variety of benefit plans for <u>active</u> employees as applicable to the medical plan for retired employees which was not created until 1989."

The district court's decision did not acknowledge the existence of a factual question regarding whether this SPD applied to the retiree plan. <u>In re Unisys</u>, 837 F. Supp. at 675-76. Nonetheless, we find that there is no genuine issue of material fact as to what constituted the applicable Unisys SPD, as the Summary of Plan Provisions of the Unisys Post-Retirement and Extended Disability Medical Plan expressly incorporated the 1988 Unisys SPD set forth above.

[4]. On June 30, 1993, while discovery was ongoing, Unisys filed a motion for summary judgment seeking entry of judgment against all the Sperry, Burroughs and Unisys retirees other than those who retired pursuant to special incentive early retirement offerings. In this motion, Unisys argued that summary plan description booklets, on their face, established that the company had unambiguously reserved a right to amend or terminate the medical plans during a participant's retirement. The retirees argued that the reservation clauses did not apply to already-retired employees and on July 8, 1993, counter-moved pursuant to Rule 56(f) for an order refusing or continuing Unisys' motion pending the completion of further discovery. The retirees' Rule 56(f) motion was supported by the affidavit of plaintiffs' counsel, attesting to the incomplete state of discovery and the type of evidence likely to emerge from that discovery. (A 1142).

On October 13, 1993, the district court rendered its decision on Unisys' motion for summary judgment. With respect to the Burroughs and Unisys regular retirees, the court held that there were no genuine disputes as to any material fact, and that the reservation of rights clauses in the documents presented by Unisys, on their face, were unambiguous and not susceptible to

We find that these reservation of rights clauses are not ambiguous and cannot be read, as the retirees suggest, to apply only to active employees.  Although the retirees submitted affidavits from class members stating that, based on past practice and course of conduct, they understood there to be a "lock-in" policy under which changes in medical benefit coverage could only affect active employees and not employees who had already retired, resort to this extrinsic evidence was not warranted[5] because the clauses are not ambiguous, and on their

(..continued)
any alternate interpretation.  Because the district court found that it was not possible to interpret the clauses relied upon by Unisys in any manner other than that alleged by the company, the court declined to consider any extrinsic evidence to contradict the written terms of the summary plan description.  The court denied plaintiffs' Rule 56(f) request to continue the summary judgment motion pending the completion of discovery, concluding that further discovery was unnecessary because "none of this material . . . would change the court's analysis of the threshold legal question."  837 F. Supp. at 673.

The Burroughs and Unisys retirees' assertion that the district court erred in denying their motion under Rule 56(f) is without merit.  Due to the fact that all of the SPDs upon which Unisys relied in seeking summary judgment had been produced in the course of discovery prior to the district court's decision on summary judgment and because additional discovery would not have precluded summary judgment, we find that the district court did not abuse its discretion in denying the retirees' motion pursuant to Fed. R. Civ. P. 56(f).  See, e.g., Lunderstadt v. Colafella, 885 F.2d 66 (3d Cir. 1989); United States v. 225 Cartons More or Less of an Article or Drug, 871 F.2d 409, 420 (3d Cir. 1989) (holding Rule 56(f) motion had been properly denied where discovery was immaterial as a matter of law).

[5]. The district court held that if the retirees' interpretations of the reservation of rights clauses were plausible, the court would be obliged to consider this evidence. In addressing the legal question of whether the Burroughs and Unisys SPDs were ambiguous, the district court concluded that the alternative interpretations of the summary plan descriptions suggested by the regular retirees -- that the reservation of

face do not distinguish between active employees and retirees. Moreover, since the Unisys and Burroughs SPDs contained a reservation of rights clause with no apparently conflicting promise of lifetime benefits, we hold that the district court did not err in finding that the alternative interpretation of the retirees was not sufficiently plausible to allow extrinsic evidence to alter the clear meaning of the text of the plans.[6]

ERISA requires that "[e]very employee benefit plan shall be established and maintained pursuant to a written instrument." 29 U.S.C. § 1102(a)(1); Hozier v. Midwest Fasteners, Inc., 908 F.2d 1155, 1163 (3d Cir. 1990). ERISA's framework ensures that employee benefit plans be governed by
(..continued)
rights in the summary plan descriptions only applied to active employees or permitted only those changes required by law -- were unreasonable. In re Unisys, 837 F. Supp. at 675-77.

[6]. The regular retirees also complained that the district court "ruled that it would not consider other language appearing in the documents relied upon by Unisys because the word `lifetime' did not appear elsewhere in the documents, as it did in the SPDs applicable to the Sperry retirees." (Appellants' Brief at 36). See 837 F. Supp. at 674-75 and n.5. This assertion is without merit. The district court did not refuse to consider other plan language in the SPDs; it refused to analyze evidence of the "corporate culture" of Unisys, Burroughs and Sperry as reflected in evidence extrinsic to the SPDs. Id. at 675 n.5. The district court, in focusing its discussion of the Burroughs and Unisys SPDs on the reservation of rights clauses, observed, that in contrast to the Sperry regular retirees, the Burroughs and Unisys regular retirees "failed to point to any other language in the SPDs that would have even arguably created an ambiguity." The court, confining its analysis to the written documents, observed that the Burroughs and Unisys retirees could not avail themselves of the alternative argument advanced by Sperry retirees that the presence of lifetime language in the Sperry SPDs rendered the plans internally inconsistent, because the Unisys and Burroughs plan documents did not discuss lifetime benefits. 837 F. Supp. at 675 n.5.

written documents and summary plan descriptions which are the statutorily established means of informing participants and beneficiaries of the terms of their plans and its benefits. 29 U.S.C. §§ 1022(a) and 1102. Because Congress intended that plan documents and SPDs exclusively govern an employee's obligations with respect to an ERISA plan, we have established a policy disfavoring informal plan amendments. See Hozier, supra; Confer v. Custom Engineering Co., 952 F.2d 41, 43 (3d Cir. 1991); Schoonejongen v. Curtiss-Wright Corp., 18 F.3d 1034, 1040 (3d Cir. 1994), rev'd and remand on other grounds, ___ U.S. ___, 115 S. Ct. 1223 (1995). Thus, while the retirees proffered extrinsic evidence of informal communications (human resource bulletins, newsletters and internal memoranda), this evidence cannot be relied upon to alter or contradict the unambiguous reservation of rights clauses in the Unisys and Burroughs SPDs. Accordingly, the district court did not err in refusing to analyze the retirees' extrinsic evidence in support of their interpretation of the reservation of rights clauses which contradicted the clauses' broad and unequivocal terms.

## II.

The district court also granted summary judgment in favor of Unisys on the estoppel claims of all of the regular retirees. In re Unisys, 837 F. Supp at 680-81. The Unisys and

Burroughs retirees contend that the district court erred in holding that these estoppel claims failed as a matter of law.[7]

We have held that to recover benefits under an equitable estoppel theory an ERISA beneficiary must demonstrate a material misrepresentation, reasonable and detrimental reliance upon the misrepresentation and extraordinary circumstances. Curcio v. John Hancock Life Insurance Co., 33 F.3d 226 (3d Cir. 1994); Smith v. Hartford Insurance Group, 6 F.3d 131 (3d Cir. 1993).[8] Since we have concluded that the plans unambiguously

---

[7]. On July 26, 1994, following the district court's post-trial decision on the contract claims of the Sperry retirees, the Sperry regular retirees moved for reconsideration of the district court's summary judgment ruling on their estoppel claim and on their claim for breach of fiduciary duty. The district court granted this motion with respect to the Sperry retirees' claims for breach of fiduciary duty in light of our decision in Bixler v. Central Penna. Teamsters Health and Welfare Fund, 12 F.3d 1292 (3d Cir. 1993). The district court ruled that it would hold the Unisys and Burroughs retirees' motion for reconsideration of their breach of fiduciary claim in abeyance pending our decision on interlocutory appeal on the related claim of the Sperry retirees in No. 94-1875.

[8]. The district court concluded that the estoppel claims of the regular retirees failed as a matter of law because given the unambiguous SPDs, the regular retirees could not demonstrate plan ambiguity, reasonable detrimental reliance or extraordinary circumstances. The district court found that "there are no substantiated allegations of fraud or bad faith on Unisys' part." However, in our recent decisions in Curcio v. John Hancock Mutual Life Insurance Co., 33 F.3d 226 (3d Cir. 1994) and Smith v. Hartford Insurance Group, 6 F.3d 131 (3d Cir. 1993), of which the district court did not have the benefit, we did not require fraud or bad faith as an element of an estoppel claim.

The district court also found, "Furthermore, estoppel claims are available only when plan documents are adjudged ambiguous." (citing Alday v. Container Corp. of America, 906 F.2d at 666, (11th Cir. 1990). While in Curcio, supra, and Smith, supra, we did not require an express finding of plan

reserved the company's right to terminate its retiree medical benefit plans, the retirees cannot establish "reasonable" detrimental reliance based on an interpretation that the summary plan descriptions promised vested benefits. The retirees' interpretation of the plans as providing benefits which were vested upon retirement cannot be reconciled with the unqualified reservation of rights clause in the plans. Thus, the district court did not err in concluding on summary judgment, as a matter of law, that the estoppel claims of the Unisys and Burroughs retirees could not be established.

## III.

Accordingly, we will affirm the judgment of the district court.

(..continued)
ambiguity as an element for establishing an estoppel claim, we have required that detrimental reliance be "reasonable." Because we also require that any detrimental reliance on plan language must be "reasonable," the court's finding that the reservation of rights clauses were unambiguous undercuts the reasonableness of any detrimental reliance by the retirees here.