AMERICAN GUARANTEE AND
LIABILITY INSURANCE
COMPANY, Plaintiff,

v.

Marco FOJANINI, Armando Ferroni
Europe Invest, S.R.L., Nouveau Inter-
national, Inc. Gary W. Black, Sr.,
Gary W. Black, Jr., Defendants.

No. Civ.A.98–4984.

United States District Court,
E.D. Pennsylvania.

May 22, 2000.

Thomas B.K. Ringe, III, Duane, Morris
& Heckscher, Philadelphia, PA, Michael
Horowitz, Thomas Dillon, Gilroy, Downes,
Horowitz and Goldstein, New York City,
John L. Aris, Duane, Morris & Heckscher
LLP, Philadelphia, PA, for American
Guarantee and Liability Insurance Compa-
ny, Plaintiff.

Jeffrey W. Golan, Barrack, Rodos & Ba-
cine, Philadelphia, PA, for Marco Fojanini,
Defendant.

Gary W. Black, Jr., Norristown, PA, De-
fendant, pro se.

## MEMORANDUM

LOWELL A. REED, Jr., Senior District Judge.

In this action, plaintiff American Guarantee and Liability Insurance Co. ("American Guarantee") seeks a declaration that it owes no coverage and has no duty to defend defendants Gary Black, Sr., and Gary Black, Jr., in an underlying action, pursuant to exclusions in a directors and officers liability policy issued by a subsidiary of American Guarantee. In the underlying action, the Blacks and their corporation, Nouveau International, Inc. ("Nouveau"), have been sued by defendants Marco Fojanini, Armando Ferroni, and Europe Invest, S.R.L., for fraud and misrepresentation related to a failed business venture involving robotic pizza vending machines.

In an opinion dated March 14, 2000, this Court ruled on the parties' cross-motions for summary judgment. *See American Guarantee Liability and Ins. Co. v. Fojanini*, 90 F.Supp.2d 615 (E.D.Pa. 2000). The facts of the case are recited in great detail in that decision, and there is no need to recount them here. The Court denied the motion of plaintiff as to all issues, granted the motion of defendants Fojanini, Ferroni, and Europe Invest, as to two issues, and denied the motions of defendants as to two issues. Thus, after summary judgment, at least two (now, three) factual issues remain to be tried. Plaintiff has filed a motion for reconsideration and a motion to stay this action pending the outcome of the underlying proceeding. Defendants have filed a motion for entry of judgment. For the reasons set forth below, the respective motions will be denied, except plaintiff's motion to preserve for trial the issue of whether Gary W. Black, Jr., is an insured person under the policy will be granted.

## 1. Motion to Stay Proceedings

■ American Guarantee asks this Court to stay these proceedings pending the outcome of the underlying action, *Fojanini v. Nouveau International*, Civil Action No. 97–3188, which was filed in this district and is currently before Judge Norma Shapiro. That action was placed in civil suspense in April 1998 pending the outcome of Nouveau's bankruptcy proceedings, and has remained in suspense pending the outcome of the instant action. American Guarantee contends, that because there are factual issues remaining in this action, the Court should stay this proceeding pending the resolution of such factual issues in the underlying action.

There are three problems with such an approach. First, the factual issues in this case concerning coverage would not necessarily be resolved in the underlying action. The major issues remaining in this case include (1) whether or not wrongful acts constituting a loss (as defined by the insurance policy held by the Blacks) took place or were alleged to have taken place during the policy period and (2) whether there was a demand made on Nouveau and the Blacks by Fojanini and Ferroni prior to the pending date of the policy. There appear to be no time limitations in the underlying action, and thus the trier of fact in the underlying action could make a determination concerning the Blacks' liability without pinpointing whether wrongful acts took place during the policy period. Similarly, because the insurance policy is not at issue in the underlying action, the question of whether or not Fojanini and Ferroni made a prior demand on Nouveau or the Blacks as defined in the policy will not be presented to the trier of fact in the underlying action. Thus, a trial in the underlying action will not certainly resolve the major issues in the case.

Second, the parties have largely agreed that the vitality of the underlying action turns on the outcome of this case. Because of the financial circumstances of Nouveau and the Blacks, the plaintiff's only hope for recovery in the underlying case is the insurance coverage provided by American Guarantee. Quite simply, the "dough" in this pizza-related case is in this

declaratory judgment action, not in the underlying action. Fojanini and Ferroni have informed the Court, through counsel, that they will not, in all likelihood, pursue the underlying case if it is determined that American Guarantee owes no coverage to the Blacks under the directors and officers liability policy. The need for a trial on the underlying action may be obviated by the outcome of this case, and it is wiser and far more efficient to proceed with this action and resolve the limited question of coverage before proceeding with a case that may be irrelevant in the absence of coverage.

Third, American Guarantee's motion to stay proceedings strikes the Court as slightly disingenuous. Indeed, plaintiff's request to stay the very proceeding it initiated raises this judicial eyebrow. American Guarantee brought this declaratory judgment action after the underlying action was filed, and pursued this action vigorously while the underlying suit languished in administrative suspense. Suddenly, in the wake of summary judgment, American Guarantee seeks to stay this proceeding and shows a sudden interest in the underlying action it chose to short-circuit by filing this action. I find this reversal curious. A stay of proceedings in this action would delay the very clarification of coverage responsibilities that American Guarantee sought in bringing this suit. Perhaps American Guarantee prefers to delay such a determination because the ruling on summary judgment failed to produce the outcome it desired in this action; an insufficient reason to stay an entire proceeding. Upon consideration of plaintiff's motion to stay, I conclude that there are good reasons to deny the motion.

As noted by plaintiff, this Court has great discretion in deciding whether to exercise jurisdiction over a declaratory judgment action. However, the Court of Appeals for the Third Circuit recently sounded a cautionary note in this context, observing, "Although a court has discretion to decline to adjudicate a declaratory

judgment action over which it has jurisdiction, a court should only exercise such discretion if it determines that issuing a declaratory judgment would serve no useful purpose." *Aluminum Company of America v. Beazer E., Inc.*, 124 F.3d 551, 560 (3d Cir.1997) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287–88, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995); *United States v. Commonwealth of Pennsylvania*, 923 F.2d 1071 (3d Cir.1991); Edwin Borchard, *Declaratory Judgments* 313 (2d ed.1941)). For the reasons set forth in this memorandum, I conclude that a useful purpose will be served by adjudicating the instant declaratory judgment action, and therefore the motion to stay will be denied.

## 2. Motion for Reconsideration

Typically, a motion for reconsideration is decided under Federal Rule of Civil Procedure 59(e) or 60(b). *See Dayoub v. Penn-Del Directory Co.*, 90 F.Supp.2d 636, 638 (E.D.Pa. 2000). However, neither Rule 59(e) nor 60(b) applies here because the order American Guarantee seeks to have reconsidered is not a final judgment or order but rather an interlocutory decision. *See id.* (citing *Davidson v. United States*, No. 95–1506, 1998 WL 314706, 1998 U.S. Dist. LEXIS 8708, at *5–6 (E.D. Pa. June 15, 1998) (denial of partial motion for summary judgment is not a final judgment, order, or proceeding within Rule 60(b) but rather an interlocutory decision); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 2715, at 264 (3d ed.1998) ("the denial of a Rule 56 motion is an interlocutory order from which no appeal [to the court of appeals] is available until the entry of judgment following the trial on the merits")).

A federal district court has the inherent power to reconsider interlocutory orders "when it is 'consonant with justice to do so.'" *Walker by Walker v. Pearl S. Buck Foundation, Inc.*, No. 94–1503, 1996 WL 706714, 1996 U.S. Dist. LEXIS 17927, at *6 (E.D.Pa. Dec. 3, 1996) (quoting *Unit-*

*ed States v. Jerry,* 487 F.2d 600, 605 (3d Cir.1973)). " 'The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.' " *Confer v. Custom Eng'r Co. Employee Health Benefit Plan,* 760 F.Supp. 75, 77 (W.D.Pa.) (quoting *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985), *aff'd in part on other grounds and dismissed in part on other grounds,* 952 F.2d 41 (3d Cir.1991)). Because of the interest in finality, however, courts should grant motions for reconsideration sparingly. *Rottmund v. Continental Assurance Co.,* 813 F.Supp. 1104, 1107 (E.D.Pa.1992).

#### a. Role of Defendant Gary Black, Jr., in the Corporation

■ American Guarantee first contends that the Court erred in granting defendants' motion for summary judgment on the issue of coverage owed to Gary Black, Jr. This Court concluded on the cross-motions for summary judgment that plaintiff had produced insufficient evidence to convince a reasonable jury that Black Jr. was not an officer or director of Nouveau, and therefore not an "Insured Person" under the policy. *See Fojanini,* 90 F.Supp.2d 615, 626. Plaintiff suggests that the Court overlooked an admission in the answer of Black Jr. to the complaint in this action, in which he admitted that he was never an officer of Nouveau International. (Complaint, at ¶ 37; Answer of Gary Black, Jr., at ¶ 37).

The Court acknowledges the answer of Black Jr., and agrees with plaintiff that the answer creates a genuine issue of material fact as to whether Black Jr. was an officer. However, the answer does not entitle American Guarantee to summary judgment on the matter, because, as noted in the original summary judgment decision, defendants have produced sufficient evidence, in the form of SEC filings identifying Black Jr. as an director or officer of Nouveau, to establish a genuine issue of material fact as to Black's status in the corporation as well. *See Fojanini,* 90 F.Supp.2d at 626 (Motion of Defendants for Summary Judgment, Exh. 9, Securities and Exchange Commission Prospectus, at 32). Thus, plaintiff's motion for reconsideration will be granted in part as to the issue of Black Jr.'s status as an "Insured Person." There thus being genuine issues of material fact thereon, both the motion of plaintiff and the motion of defendant for summary judgment will be denied as to this issue.[1]

#### b. Prior Knowledge Exclusion

American Guarantee also asks the Court to reconsider its decision to grant summary judgment to plaintiffs on the issue of whether the prior knowledge exclusion in the policy operates to deny coverage to the Blacks. In the original summary judgment ruling, the Court concluded that plaintiff had not produced enough evidence to persuade a reasonable jury that the exclusion applied. *See Fojanini,* 90 F.Supp.2d at 620.[2] Because plaintiff did

1. For the remainder of the decision, any reference to the "Blacks" (plural) is for the purpose of linguistic simplicity only, and is not intended to prejudge the issue of whether Black Jr. was an officer or director of Nouveau.

2. The question at issue under the prior knowledge exclusion is whether, at the time Nouveau applied for the insurance application, a director or officer of Nouveau "had knowledge or information of any act, error, omission, or other circumstances which he/she believe[d] either w[ould] give rise or could give rise to a lawsuit being filed or a claim being made against the directors or officers under the proposed insurance." (Motion of Plaintiff for Summary Judgment, Exh. 2, Directors and Officers Liability and Company Reimbursement Application, at 3). The Court held at summary judgment that the insurance policy requires subjective proof of knowledge of an imminent lawsuit, and that evidence that Nouveau officers "reasonably should have known" or had a "basis to believe" a lawsuit was pending would be insufficient to trigger the exclusion under the language of the policy. *See Fojanini,* 90 F.Supp.2d at 620.

not produce the kind of subjective proof of knowledge or belief required by the insurance policy, defendants' motion for summary judgment was granted on the prior knowledge exclusion issue. *See id.*, at 625.[3]

■ Plaintiff offers no legitimate basis for the Court to reconsider its ruling on the prior knowledge exclusion. Plaintiff's papers point to no error of law or fact and raise no newly discovered evidence. Rather, the sole basis for plaintiff's motion for reconsideration apparently is that it disagrees with the Court's conclusion that there was insufficient evidence to create a genuine issue of material fact as to whether a Nouveau official knew a lawsuit was in the offing when Nouveau applied for the American Guarantee insurance policy. The Court cannot grant reconsideration on such grounds. A motion for reconsideration "is not an opportunity for a party to re-litigate already decided issues or to present previously available evidence." *Corrigan v. Methodist Hosp.*, 885 F.Supp. 127, 127 (E.D.Pa.1995) (citing *Harsco v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986)). The same arguments and evidence that failed to persuade this Court two months ago remain unpersuasive today. Therefore, American Guarantee's attempt to re-litigate this issue fails and the motion for reconsideration will be denied as to the prior knowledge exclusion.

### 3. Motion for Entry of Judgment

Defendants Fojanini and Ferroni have filed a motion for entry of judgment on the issues that remain in view of the Court's ruling on summary judgment. According to defendants, a trial is unnecessary on the remaining issues, because the question of whether wrongful acts were committed during the policy period should be left to the trier of fact in the underlying action, and the evidence clearly shows that no demand was made on Nouveau or the Blacks prior to the pending date of the policy.

The basis for defendants' request eludes me. To the extent that defendants argue that summary judgment should be granted in their favor on the two remaining issues, and thus are making a motion for reconsideration, their request fails. They point to no error of law or fact and identify no newly discovered evidence; instead, they have merely recycled the arguments set forth in their briefs on the motion for summary judgment. The Court decided on the evidence before it at summary judgment that there were genuine issues of material fact as to whether wrongful acts allegedly or actually took place during the policy period,[4] and whether a prior demand was made upon the Blacks, and that

---

3. The only evidence plaintiff presented on this issue at summary judgment was a letter from counsel for Fojanini and Ferroni to an officer of Nouveau (sent days before Nouveau applied for the American Guarantee insurance policy) which set forth the concerns of Fojanini and Ferroni and sought an amicable resolution of the outstanding issues between them. (Motion of Plaintiff for Summary Judgment, Exhibit A, Letter from Paul S. Haar to Chris Plunkett, Sept. 26, 1996, at 1). The letter, I concluded, provided no subjective insights into the minds of Nouveau officers, and therefore was insufficient evidence to support a finding by a reasonable trier of fact that Nouveau officials had actual knowledge of a possible lawsuit prior to Nouveau's application for insurance from American Guarantee. *See Fojanini*, 90 F.Supp.2d at 620–21. Plaintiff persists in arguing that the letter, which was

not written by a Nouveau official and contains no information as to the knowledge or belief of Nouveau officers, provides enough evidence to persuade a reasonable trier of fact that Nouveau officers had knowledge or belief of an impending lawsuit. This argument has already been rejected by this Court, and the Court rejects it again today.

4. I disagree with defendants' assertion that judgment should be entered in their favor because the issue of whether wrongful acts took place during the policy period is best resolved in the underlying action. I have concluded that there remains a genuine issue of material fact on this issue, and the Court may not simply enter judgment because the matter might be resolved in another forum. If the Court were to conclude that the issue was more appropriately addressed in the underly-

a trial was necessary to resolve these issues.[5] Neither the record nor the law on these issues has changed, and therefore, the Court's conclusion remains unchanged.

**4. Issues for Trial**

This case is scheduled for trial on June 5, 2000. In order to assist the parties in preparing for trial, I will endeavor to elaborate on the three factual issues that remain to be decided, and the evidence that must be presented for plaintiff to prevail on each issue.[6]

**a. Role of Black Jr. in the Corporation**

American Guarantee owes coverage only to "Insured Persons" under the policy; that is, duly elected directors and officers of Nouveau. American Guarantee contends that Black Jr. was not a director or officer of Nouveau, and thus was not an Insured Person entitled to coverage under the policy. Accordingly, the Court will have to decide based upon the trial evidence whether or not Black Jr. was a director or officer of Nouveau.

**b. Prior Demand**

American Guarantee argues that under an exclusion in the policy, it owes no coverage to the Blacks because the Blacks' liability in the underlying action arises out of a demand made on the Blacks prior to the pending date of the policy. The factual question for trial, then, is whether or not Fojanini or Ferroni made a demand on the Blacks or Nouveau, related to the circumstances in the underlying action, prior to October 3, 1996. Because the policy contained no definition of "demand," at summary judgment, the Court relied on the definition provided by Black's Law Dictionary, which defines demand as

> [t]he assertion of a legal right; a legal obligation asserted in the courts. An imperative request preferred by one person to another, under a claim of right, requiring the latter to do or yield something or to abstain from some act. Request for payment of debt or amount due. An asking with authority, claiming or challenging as due.

*Black's Law Dictionary* 429 (6th ed.1990). The Court will proceed under this definition at trial. The parties may present testimony or documentary evidence to show whether prior to October 3, 1996, Fojanini and Ferroni asserted a legal right or obligation against the Blacks or Nouveau.

**c. Wrongful Acts During the Policy Period.**

Another issue to be resolved at trial is whether the Blacks committed, or were

---

ing action, the proper procedure would be to stay this proceeding pending the outcome of the underlying action, a proposition the defendants criticize at length in their briefs. Furthermore, defendants' counsel has made it clear that they will not proceed with the underlying action if there is a determination that American Guarantee owes no coverage to the Blacks, as the Blacks themselves are not of significant means and their corporation is worthless. Therefore, it would be a much more efficient use of judicial resources to resolve the limited question of whether wrongful acts took place during the policy period in this action, because if it is found at trial in this case that no wrongful acts took place during the policy period (and that American Guarantee therefore owes no coverage), a trial in the underlying action would, in all likelihood, be unnecessary.

**5.** I also disagree with defendants' assertion that the evidence conclusively establishes that there was no demand made prior to the pending date of the insurance policy. I concluded on the motion for summary judgment that both parties had established a genuine issue of material fact as to whether a prior demand was made on Nouveau (Motion of Plaintiff for Summary Judgment, Exhibit A, Letter from Paul S. Haar to Chris Plunkett, Sept. 26, 1996, at 1). Defendants offer no newly discovered evidence and point out no error of fact or law that would change that conclusion. Thus, defendants' motion for entry of judgment will be denied.

**6.** If any party wishes to assert additional factual issues, create sub-issues, or describe the issues differently than the Court has, they are free to argue such positions to the Court in their trial memoranda and requests for findings and conclusions.

alleged to have committed, any "Wrongful Acts," during the policy period. The policy covers "on behalf of Insured Persons Loss ... which the Insured Persons become legally obligated to pay on account of any claim ... for a Wrongful Act taking place" during the policy period. (Motion of Plaintiff for Summary Judgment, Exhibit 1, Directors and Officers Liability and Reimbursement Policy, Endorsement No. 1, at 3). The policy defines "Wrongful Acts" as "any error, misstatement, misleading statement, act, omission, neglect, or breach of duty *actually or allegedly committed* or attempted by any of the Insured Persons." (*Id.*, at 5) [emphasis added].

Under this policy language, American Guarantee's wrongful act contention faces two hurdles at trial. The first is essentially legal in nature; the evidence must show that no wrongful acts were *alleged* to have been committed by the Blacks during the policy period. Second, the evidence must establish that the Blacks *actually* did not *commit* a wrongful act during the policy period, which ran from the retroactive date of January 1, 1996 to October 3, 1997. The evidence must satisfy both elements for plaintiff to prevail on this contention.

A question may arise at trial as to what constitutes a wrongful act sufficient to trigger coverage. The wrongful act must be one for the results of which the Blacks could be personally, legally obligated to pay damages. There is no question that the Blacks could be found personally liable for tortious acts such as misrepresentations. For plaintiff to prevail, the evidence therefore must show that the Blacks committed no tortious acts during the policy period. The Blacks could also be found personally liable for breaches of contract, but such liability would be possible only under the limited circumstances set forth in footnote 14 of the summary judgment

ruling: (1) if the corporate veil of Nouveau were pierced; (2) under the participation theory; or (3) for promises made in a personal capacity. *See Fojanini*, 90 F.Supp.2d at 623 n.14. If this were to become an issue at trial, for American Guarantee to prevail, the evidence must establish that no breach of contract took place during the policy period and, if a breach or breaches did take place, that the three above theories do not operate to make the Blacks personally liable.[7]

An appropriate Order follows.

### ORDER

**AND NOW,** this 22nd day of May, 2000, upon consideration of the motion of plaintiff American Guarantee and Liability Insurance Company for reconsideration and for a stay of proceedings (Document No. 22) and the motion of defendants Marco Fojanini, Armando Ferroni, Europe Invest, S.R.L., for entry of judgment (Document No. 23), for the reasons set forth in the foregoing memorandum, it is hereby **ORDERED** that

(1) the motion of plaintiff American Guarantee and Liability Company for a stay of proceedings is **DENIED**;

(2) the motion of plaintiff American Guarantee and Liability Company for reconsideration is **GRANTED** in part as to the issue of whether Gary Black, Jr., was an "Insured Person" under the insurance policy (Count V), and the issue is preserved for trial; and

(3) the motion of defendants Marco Fojanini, Armando Ferroni, and Europe Invest, S.R.L., for entry of judgment is **DENIED**.

---

7. The parties are reminded that the Court's observations on this issue in the summary judgment ruling were preliminary, and the Court considers the applicability of these theories an unresolved question from a legal standpoint. If the parties wish to brief the law on these theories prior to trial, they are welcome, and encouraged, to do so.